THE PEOPLE ex rel. Theodore F. Laist, Appellant, vs. EL-
TON LOWER et al. Appellees.

*Opinion filed October 25, 1911.*

1. CIVIL SERVICE—*an appointment is complete when last act re-
quired has been performed.* An appointment is complete when the
last act required of the appointing power has been performed, and
in such case the appointing power cannot revoke the appointment,
nor can the appointee be removed except by lawful authority.

2. SAME—*civil service commission of Chicago does not appoint
to office.* The civil service commission of Chicago has no power
to appoint to any office or position, but the power to appoint is in
the head of the department or office in which the classified posi-
tion is to be filled.

3. SAME—*civil service commission of Chicago may revoke cer-
tificate before appointment is made.* If the civil service commission
of Chicago certifies a person for appointment to office who lacks a
necessary qualification, the commission has power, upon learning
the fact, to revoke the certificate before the appointment is made,
and the revocation of the certificate is not the revocation of an ap-
pointment.

4. CONSTITUTIONAL LAW—*protection afforded by "due process
of law" provision of the constitution.* Section 2 of article 2 of the
constitution, providing that no person shall be deprived of life, lib-
erty or property without due process of law, secures the citizen
against laws which select particular individuals of a class and im-
pose upon them special obligations and burdens from which others
in the same class are exempt.

5. SAME—*section 9 of the act of 1897, relating to licensing of
architects, is not invalid.* Section 9 of the act of 1897, relating to
the licensing of architects, (Laws of 1897, p. 84,) is not in viola-
tion of section 2 of article 2 of the constitution, as being a dis-
crimination against architects and in favor of builders, as archi-
tects and builders are not in the same class.

6. ARCHITECTS—*a person does not become an architect by plan-
ning the building he erects.* Any person erecting a building may
employ an architect if he sees fit or may make his own plans, and
he does not become an architect by planning the building he erects.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

LOUIS BRANDES, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (WILLIAM DILLON, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 15, 1910, there was a vacancy in the office of city architect of the city of Chicago, and the commissioner of the department of public works had made a requisition on the civil service commission for eligibles to fill the vacancy. On June 21, 1910, an examination was held by the commission and Theodore F. Laist received the highest rating, and on August 10, 1910, was certified to the department of public works in accordance with the provisions of an act to regulate the civil service of cities. Afterward the civil service commission revoked the certificate because Laist was not a licensed architect under the requirements of an act entitled "An act to provide for the licensing of architects and regulating the practice of architecture as a profession," in force July 1, 1897. (Laws of 1897, p. 81.) Laist reported for duty at the department of public works and claimed a right to the office of city architect, but the commissioner refused to allow him to assume the office because the certificate of the civil service commission had been revoked. On September 16, 1910, the State Board of Examiners of Architects delivered to Laist a certificate that he had passed the special board-room examination for a license to practice the profession of architecture, and that upon payment to the secretary of the board of the license fee of $25 a license would be issued to him. The certificate stated that it did not authorize him to practice the profession of architecture or to use a seal, and that such authority would only be given upon receipt of the license fee. Laist, as relator, filed his petition, in the name of the People, in the circuit court of Cook county, praying for a

writ of *mandamus* directing the civil service commission forthwith to certify him for appointment as city architect. He set forth the facts above stated in his amended petition and they were admitted by the demurrer of the defendants. The circuit court sustained the demurrer and dismissed the petition, and the relator was allowed an appeal to this court on the ground that the validity of the act to provide for the licensing of architects is involved.

One ground for claiming that the court erred in sustaining the demurrer is, that the appointment of the relator as city architect was complete when he was certified to the commissioner of the department of public works, and as he was not removable by the appointing power, his appointment was irrevocable and could not be annulled by revoking the certificate. It is true that an appointment is complete when the last act required of the appointing power has been performed, and the authority to make the appointment has then been exhausted. In such a case the appointing power cannot revoke the appointment, and the one appointed can only be removed by lawful authority. In this case, however, the relator was not appointed city architect and the civil service commission made no attempt to appoint him to that position. The commission has no power to appoint to any office or position, but the power to appoint is in the head of the department or office in which a position classified under the Civil Service act is to be filled. There was no attempted revocation of an appointment since none had been made, but when it was learned that the certificate had been improvidently made and the relator was lacking in a necessary qualification for appointment, it was within the power of the civil service commission to correct its mistake by withdrawing the certificate.

The statute prohibits any person from practicing architecture in this State without a license, but it is contended that the act is in violation of section 2 of article 2 of the

constitution, which provides that no person shall be deprived of life, liberty or property without due process of law. That provision of the bill of rights secures the citizen against laws which select particular individuals of a class and impose upon them special obligations and burdens from which others of the same class are exempt, and many cases, such as *Gillespie* v. *People,* 188 Ill. 176, are cited in support of the argument that the act in question is void. The particular section which it is claimed imposes upon the relator the burden of obtaining a license and paying a fee therefor while others who are in the same class and situation are exempt from the burden, is section 9, which defines the persons who shall be regarded as architects. It provides that any person who shall be engaged in the planning or supervision of the erection, enlargement or alteration of buildings for others and to be constructed by other persons than himself shall be regarded as an architect, but nothing contained in the act shall be construed to prevent any person, mechanic or builder from making plans and specifications for or supervising the erection, enlargement or alteration of any building that is to be constructed by himself or his employees. The section properly defines the occupation of an architect. He is one who makes it his occupation to form or devise plans and designs and to draw up specifications for buildings or structures and to superintend their construction. (Webster's Int. Dict.; Standard Dict.) The word "builder" is selected by counsel in making the argument as representing an unlawful classification; but a builder is one whose occupation is to build or erect buildings and structures, and he is not in the same class as an architect, who makes plans and specifications for others. The act uses the comprehensive term "any person," which includes mechanics, builders, and all others constructing buildings, either themselves or by their employees. Any person erecting a building may employ an architect if he sees fit or make his own plans and specifi-

cations, and he does not become an architect by planning the building which he erects. There is no selection of persons belonging to the same class, in violation of the provision of the constitution. For the same reason the act is not in violation of the fourteenth amendment to the constitution of the United States.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*