## The People of the State of Illinois ex rel. Thomas H. Lally, Appellee, v. Charles E. Frazier et al., Civil Service Commissioners of City of Chicago, Appellants.

## Gen. No. 25,635.

1. MANDAMUS, § 6*—*what is necessary to show right to writ.* A writ of mandamus will not be awarded unless the petitioner shows a clear legal right thereto and a corresponding legal duty on the part of the respondent to perform the act sought to be compelled by the writ.

2. CIVIL SERVICE, § 27*—*when mandamus is available.* A writ of mandamus will be awarded against the Civil Service Commissioners where the relator has established a clear legal right to participate in a promotional examination and such participation has been denied by the Commissioners.

3. CIVIL SERVICE, § 4*—*who is eligible to take promotional examination.* Under the Civil Service Act, sec. 9 (J. & A. ¶ 1807), providing that "all examinations for promotion shall be competitive among such members of the next lower rank," an applicant for the position of foreman of a department, who held a position in the department not in the next lower rank, was not entitled to take the promotional examination.

4. CIVIL SERVICE, § 4*—*when eligible list must be prepared.* On mandamus to compel the Civil Service Commission to make a proper certification of eligibles for a vacancy, the relator is entitled to have the Commissioners make a correct eligible list and certify, when requested, the names of the three persons who passed examination at the head of the list.

THOMSON, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed October 6, 1920.

SAMUEL A. ETTELSON, for appellants; MORTON S. CRESSY, ROY S. GASKILL and ADOLPH RADNITZER, of counsel.

*See Illinois Notes Digest Vols. XI to XV and Cumulative Quarterly, same topic and section number.

BUSCH, LEESMAN & ROEMER, for appellee.    .

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the respondents, the Civil Service Commissioners of the City of Chicago, seek to reverse a judgment of the circuit court of Cook county awarding a writ of mandamus commanding that they strike the name of Edward K. Manning from the list of eligibles for the position of foreman of water pipe construction in the Water Pipe Extension Division of the Bureau of Engineering of the Department of Public Works of Chicago, and commanding them to revoke the certification of Manning theretofore made by them to the Commissioner of Public Works, and that they certify to the Commissioner of Public Works the names of the three persons standing highest on the list of eligibles.

The respondents demurred to the petition. The demurrer was overruled; they elected to stand by it and judgment was entered as prayed for, so that the question here turns on the sufficiency of the petition.

The petition briefly set up that the relator, Thomas H. Lally, was employed as assistant foreman in the Water Pipe Extension or Water Pipe Construction Department of the City, the terms being used interchangeably, which was under the Department of Public Works; that he was a civil service employee; that there was to be held a promotional examination for the position of foreman in the Water Pipe Construction Department; that the relator's position as classified by the Civil Service Commissioners was Grade 2 in Class K; that Manning was also a civil service employee and his position or employment was classified as Grade 3 in Class H. The petition further sets up that relator protested to the Commissioners for permitting Manning to take the examination; that the Commissioners stated they would permit Manning to

take the examination and, if he passed, they would determine whether under the law he was entitled to take the examination; that the examination was held and that Manning passed second and the relator fourth; that thereupon relator again protested to the Commissioners that Manning was ineligible to take the examination and that his name should be stricken from the list, of eligibles; that the Commissioners put off the relator from time to time stating that they would pass on the question later, and shortly afterwards, upon request of the Commissioner of Public Works, they certified three names including that of Manning to the Commissioners, and that Manning was thereupon appointed to the position of foreman in the Water Pipe Construction Department. The petition further set up the amount appropriated for the years 1916, 1917 and 1918 for the position of assistant foreman and water pipe inspector; that for 1918 the appropriation for assistant foreman was $1,800 per year, and for water pipe inspection $145 per month, or $1,740 per year. It is further averred that the duties of assistant foreman and water pipe inspector are different.

Of course, it is conceded that a writ of mandamus will not be awarded unless the petitioner shows a clear legal right thereto and a corresponding legal duty on the part of the respondent to perform the act sought to be compelled by the writit. *People ex rel. Younger v. City of Chicago*, 280 Ill. 576. But where the relator has established a clear legal right to participate in a promotional examination and such participation has been denied by the Civil Service Commissioners, the writ will be awarded. *People v. Reinberg*, 263 Ill. 543; *People v. Errant*, 229 Ill. 56.

Section 9 of the Civil Service Act (J. & A. ¶ 1807) provides for promotion in the classified service on the basis of ascertained merit and seniority in the service, and that where it is practicable, vacancies shall be filled by promotion, and that "all examinations for

promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination.'' The respondents contend that Manning was entitled to take the examination because the work he did as water pipe inspector was in the same line and character of work as that of foreman in the Water Pipe Construction Department. The argument is that the sole test to be applied in determining Manning's right to take the examination was whether the duties performed by him as water pipe inspector were of the same character as the duties required to be performed by the foreman in the Water Pipe Construction Department. The respondents argue that if the duties were in the same line and similar in character, Manning was entitled to take the examination. In support of this the case of *People ex rel. Loftus v. Frazier,* 214 Ill. App. 664, Abst., is cited. In that case, however, the person seeking to take the promotional examination was in the next lower grade but it was argued that his duties were not of a similar character. The court, however, held that the duties to be performed by persons in both grades were of the same character and said: ''By placing the relator and other detective sergeants in Grade 2 the respondents rendered them eligible to take the promotional examination for vacancies in Grade 3, the next higher position.'' In the instant case no argument is made that the rank or grade of foreman is next higher than that of water pipe inspector, nor is any point made that the classification as made by the Commissioners is not in all respects proper. In the classification as made by the Civil Service Commissioners, assistant foreman was the next lower grade to that of foreman. Foremen were in Class K, Grade 3, and the next lower grade or rank was assistant foreman, Class K, Grade 2. Manning was not in this class at all. He was in Class H, Grade 3, and, there-

fore, was not in the next lower rank or grade. We hold that to entitle a person to take a promotional examination such person must be in the next lower grade and his duties must be of a character similar to those of the position contemplated by the next higher grade. It follows that Manning was not entitled to take the promotional examination since he was not in the same class or grade at all.

The respondents also contend that the writ was improperly awarded for the reason that Manning was not on the eligible list since he had been certified and was working in the Department of Public Works and that the Commissioner of Public Works should have been made a party. We think the relator was entitled to have the Commissioners make a correct eligible list and certify, when requested, the names of those three persons who passed at the head of the list. *People ex rel. Laist v. Lower*, 251 Ill. 527; *People ex rel. Loftus v. Frazier*, 214 Ill. App. 664.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J., concurs.

THOMSON, J., dissenting.

MR. JUSTICE THOMSON dissenting:—I am unable to concur in the foregoing opinion. It was held by our Supreme Court in *People ex rel. Laist v. Lower*, 251 Ill. 527, that the Civil Service Commission has no power to appoint to any office or position in the classified service but that power is in the head of the department or office in which the position is and that where the Civil Service Commission has certified one for appointment to a given position under the classified service and, before the appointment has been made to the position by the head of the department, the Commission discovers that for some reason the certification in question should not have been made, it is within the power of the Commission to correct

its mistake by withdrawing the certificate. That is not this case, for here there was an examination duly held, and based upon that examination an eligible list was made up and posted, and pursuant to the request of the Commissioner of Public Works, for a certification from that list for appointment to a vacancy, the first three names on the list, which included that of Manning, were certified and Manning was duly appointed to the position and now occupies it, and after the completion of all these steps, the petitioner filed his petition, asking that a writ of mandamus issue to the Civil Service Commission commanding it: ''(1) To strike the name of Edward K. Manning from the list of eligibles for the position in question; (2) to cancel and revoke the certification of said Edward K. Manning, heretofore made by them to the Commissioner of Public Works; (3) to certify to the Commissioner of Public Works the names of the three persons standing highest upon said register of eligibles for the office, excluding the name of Edward K. Manning.'' In my opinion, the Civil Service Commission is wholly powerless to take such action after the head of the department has duly made an appointment, pursuant to the certificate furnished him by the Commission, for after such appointment has been made, the Commission has no control whatever over the appointee unless written charges are duly preferred against him, pursuant to the provisions of the statute. As was said by our Supreme Court in *People ex rel. Laist v. Lower, supra:* ''An appointment is complete when the last act required of the appointing power has been performed, and the authority to make the appointment has then been exhausted. In such a case the appointing power cannot revoke the appointment, and the one appointed can only be removed by lawful authority.''

If the writ of mandamus issues, as prayed for by the petitioner herein, and the Civil Service Commis-

sion accordingly does the things therein directed to be done, it will, of course, have the result of removing Manning from the position he now holds under the classified service. That result is inevitable. That situation is not altered by the fact, as petitioner argues, that this is merely a proceeding requiring the Civil Service Commission to perform certain ministerial acts in relation to the list of eligibles and in relation to the certification of that list. That the granting of the prayer of the petition will necessarily result in the removal of a civil service employee from the position he now holds cannot be denied and, in my opinion, it is equally certain that such action would be contrary to the express provision of our statutes to the effect that: "No officer or employee in the classified civil service of any city, who shall have been appointed under said rules and after said examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense." Illinois Statutes, J. & A. par. 1811. There is nothing in the record from which it would appear that the appointment involved was probationary. That Manning was appointed *under said rules and after said examination,* admits of no doubt. The petitioner's contention that Manning was not certified and appointed *according to the provisions* of said rules, in my opinion, cannot be determined in a mandamus proceeding directed against the Commission after his appointment has been completed.