People of State of Illinois ex rel. Ira Helser Latimer, Appellee, v. Board of Education of City of Chicago et al., Appellants.

Gen. No. 45,106.

Heard in the first division of this court for the first district at the April term, 1950. Opinion filed October 9, 1950. Released for publication November 17, 1950.

FRANK R. SCHNEBERGER, of Chicago, for appellants; FRANK S. RIGHEIMER, JAMES W. COFFEY, and JOHN T. MEHIGAN, all of Chicago, of counsel.

MORRIS GORDON MEYERS, of Chicago, for appellee; JONAS MEYERS, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendants appeal from an order striking their amended answer and awarding a peremptory writ of mandamus directing defendants to forthwith place the name of relator (hereafter called plaintiff) upon the eligible list of persons entitled to receive a certificate of teacher to teach in the intermediate and upper grades of the elementary schools of Chicago, and commanding the Board of Education to issue forthwith to plaintiff a certificate of teacher in said grades.

The complaint alleges that the statute provides that the Board of Examiners appointed by the Board of

Education shall hold such examinations as the Board of Education may prescribe, upon the recommendation of the Superintendent of Schools, and shall prepare all necessary eligible lists; that the Board of Education shall issue gratuitously to those who pass a required test of character, scholarship and general fitness, such certificates to teach as they are found entitled to receive; that it was provided by the rules of the Board of Education that all candidates for certificates of teachers in the intermediate and upper grades of the elementary schools would be required to pass a written examination; that in addition to passing the written examination the candidate must pass a personal oral examination which "would include an evaluation of the candidate's training and scholastic record, previously filed with the Board of Examiners; his previous success as a teacher; and personal characteristics such as poise, appearance, ability to express himself, and other qualities which might be assumed to indicate his probable success as a teacher in the intermediate and upper grades of the Chicago public schools" and receive a grade of not less than 75 in the personal oral examination; that the candidate's final grade on the examination as a whole would be the average of the personal oral grade and the written part of the examination, each to be of equal weight; that a candidate to be considered successful in the examination as a whole must receive a final grade of not less than 80; that plaintiff complied with all the preliminaries required by the Board of Education, took the written and oral examinations heretofore mentioned, receiving an average on the written or non-oral examination of 88, a grade of 75 on the oral examination, and a final grade of 82; that written notice of plaintiff's grades was given him by the Board of Examiners, the notice reciting, "all grades in this examination are final and not subject

556

to revision''; that the Board of Education failed, and, on demand of plaintiff on September 20, 1949, refuses to issue to him a certificate to teach.

Defendants filed an answer and an amendment thereto asserting that the plaintiff's answers on the information blank, and the documentary evidence filed by him, disclose that he did not have the teaching experience required by the rules of the Board of Education; that the statement in the report of examination that ''all grades in this examination are final and not subject to revision'' is notice to plaintiff that there would be no revision of the examination at his request, and not a limitation in any way of the statutory authority and power or duties of the defendant Board of Examiners and its members; that the Board of Examiners submitted to the Board of Education a report containing the names of the persons, including the plaintiff, who successfully passed the examination and recommended the issuance of teachers' certificates to them; that action on said report as to plaintiff was deferred by the Board of Education; that subsequent to the sending of said report and before the Board of Education acted on the same, the Board of Examiners received new and additional information and evidence bearing upon plaintiff's character, scholarship and general fitness as a candidate for a certificate to teach which the Board of Examiners did not have in its possession at the time it issued to plaintiff the report showing his grades and at the time it prepared the report to the Board of Education; that this new additional information and evidence consisted of reports from principals of public elementary schools in the City of Chicago in which plaintiff had been employed as a substitute teacher during the period from January 31, 1949 to May 27, 1949, setting forth the record of teaching service of plaintiff as a substitute teacher; that after considering this record of plaintiff as a

557

substitute teacher in the Chicago public schools the Board of Examiners reconsidered the entire record in the examination of plaintiff and found that plaintiff in his substitute service failed as a teacher to maintain discipline, to follow instructions and teaching programs of his superiors; that he disregarded rules and regulations established for and followed by other teachers; that his methods of teaching and his failure in maintaining discipline was detrimental to the best interest of the pupils, and that at the end of his substitute teaching service he evidenced no improvement in his efforts, methods or results; that on the basis of plaintiff's record of service as a substitute teacher and the entire record in his examination bearing upon plaintiff's character, scholarship and general fitness, the Board of Education found that the plaintiff did not possess the necessary qualifications to entitle him to a certificate to teach in the intermediate and upper grades of the elementary schools of Chicago; that plaintiff was not successful in the non-written portion of his examination and the Board of Examiners then fixed plaintiff's grade in said non-written portion of said examination at 65; that as a result of the failing mark in the non-written portion of the examination, plaintiff failed to pass the examination as a whole; that on June 7, 1949, the Board of Examiners notified plaintiff by letter of its reconsideration of his entire record in said examination, its consideration of new and additional evidence, and of its finding that in the judgment of the examiners plaintiff was not successful in said examination. The amended answer further alleges that, as disclosed by plaintiff's credentials submitted to the Board of Examiners, the board found and determined that plaintiff did not have two years of successful teaching experience in the elementary schools as required by section 7 of the regulations of the Board of Examiners, which provides: "Candidates

for certificate of teachers in elementary schools (intermediate and upper grades) must present in advance credentials showing . . . 3 (b) at least two years of successful teaching experience in elementary schools''; that the board determined that plaintiff had no experience whatsoever as an elementary school teacher, except for the period he was employed as a substitute teacher in the Chicago public schools, the record of which is set forth in the answer, and that he did not possess the requisite qualifications to participate in the examination; that the Board of Examiners thereupon reported to the Board of Education that as a result of its reconsideration of the entire record in plaintiff's examination, and the additional evidence which the Board of Examiners had received, it had found that plaintiff did not successfully pass the required test of character, scholarship and general fitness, and was therefore not entitled to receive a certificate to teach in the intermediate and upper grades of the elementary schools of Chicago, and recommended that the name of plaintiff be deleted from the former report of the Board of Examiners which recommended the award of regular teaching certificates to the individuals listed therein; that this recommendation was concurred in by the Board of Education and said report duly adopted; wherefore defendants deny that plaintiff is entitled to have a certificate to teach in the intermediate and upper grades in the elementary schools of Chicago issued to him. Plaintiff made a motion to strike the answer. This motion was allowed and judgment entered.

██ The single question presented on appeal is the right of the Board of Examiners to change its report of the examination of plaintiff and its recommendation to the Board of Education as to the issuance to plaintiff of a certificate to teach. The right of the board to make these changes is clearly established in *People ex*

*rel. Laist v. Lower,* 251 Ill. 527, where the Civil Service Commission, after certifying the relator as city architect but before his appointment as such by the commissioner of the department of public works, revoked the certificate because it appeared that relator was not a licensed architect and qualified for the position. The Supreme Court said: ''. . . when it was learned that the certificate had been improvidently made and the relator was lacking in a necessary qualification for appointment, it was within the power of the civil service commission to correct its mistake by withdrawing the certificate.'' To the same effect is *Kanen v. Kern,* 260 App. Div. 500, 23 N. Y. S. (2d) 98. Plaintiff had no right to teach in the public schools of Chicago until he obtained a certificate. Until that time the Board of Examiners had authority to review any former action in respect to plaintiff and correct whatever errors had been made. Had a certificate to teach been issued to plaintiff, a different question would be presented.

█ Plaintiff attaches much importance to the statement ''all grades in this examination are final and not subject to revision'' on the report of examination sent to plaintiff. This report is not required under any provision of the statute, nor, so far as we are informed, under any rule or regulation of the Board of Education or the Board of Examiners. The report could have no greater effect than the certificate of eligibility to appointment issued in the *Lower* case, *supra,* and does not change the rule there stated.

The judgment is reversed and the cause remanded with directions to deny plaintiff's motion to strike the answer as amended, and for such further proceedings as may be deemed advisable consistent with this opinion.

*Reversed and remanded with directions.*

TUOHY and FEINBERG, JJ., concur.