[Civ. Nos. 17545, 17544.   Second Dist., Div. One.   Dec. 8, 1950.]

ALBION R. ALLEN et al., Respondents, v. CITY OF
LONG BEACH et al., Appellants.

LEE R. ADAMS et al., Respondents, v. CITY OF
LONG BEACH et al., Appellants.

Irving M. Smith, City Attorney, Nowland M. Reid, Assistant City Attorney, and Clifford E. Hayes, Deputy City Attorney, for Appellants.

Joseph A. Ball and Kenneth Sperry for Respondents.

WHITE, P. J.—The above entitled appeals have been consolidated for hearing and determination upon a single set of briefs. In each, the city of Long Beach and certain of its officers have appealed from a judgment entered in an action for declaratory relief brought by members of the police and fire departments of the city wherein they sought a determination of their pension rights under section 187 of the city charter of Long Beach, which section was repealed on March 29, 1945, by the adoption of section 187.1. The effect of the repeal upon the pension rights of employees who had been in the service of the city prior to the effective date of the repeal was

considered, in some of its aspects, in the cases of *Kern* v. *City of Long Beach*, 29 Cal.2d 848 [179 P.2d 799], and *Palaske* v. *City of Long Beach*, 93 Cal.App.2d 120 [208 P.2d 764] (hearing denied by Supreme Court). In the Kern case, with respect to an employee who had not completed the prescribed 20 years of service until after the effective date of the repeal, the Supreme Court held that the employee had "a vested pension right and that respondent city, by completely repealing all pension provisions, has attempted to impair its contractual obligations. This it may not constitutionally do, and therefore the repeal is ineffective as to petitioner."

The Supreme Court further stated, however, that while an employee may acquire a vested contractual right to a pension, his right is not rigidly fixed by the legislation in effect during any particular period in which he serves. "The employee does not have a right to any fixed or definite benefits, but only to a substantial or reasonable pension. There is no inconsistency therefore in holding that he has a vested right to a pension but that the amount, terms and conditions of the benefits may be altered." Following this reasoning, it was held by this court in the Palaske case, *supra,* that an employee who had not completed the minimum term of 20 years' service at the time of the repeal was entitled upon retirement after 20 years' service to a pension of 50 per cent of his annual salary, but that since the city had the power to make reasonable modifications in the system, such employee had no vested right to earn the additional pension permitted under the terms of section 187 by continuing in the service after he became eligible for retirement.

The findings and judgments of the trial court herein were made on July 6, 1949. (The decision of this court in the Palaske case was filed on July 29, 1949.) The trial court found that the plaintiffs in each case were entitled to retire on a pension of one-half of the salary attached to the rank held by the respective plaintiffs one year prior to the dates of their respective retirements after serving the minimum term (20 years in the Allen case and 25 years in the Adams case) plus an additional pension of 1⅔ per cent for each additional year of service up to the maximum authorized by section 187 prior to its repeal. The court further found that the employees in the Allen case will be entitled to a disability pension as outlined in section 187 and further, that the city auditor was not authorized or required to make any deductions

from the salaries of such employees as previously required by subdivision (6) of section 187.

It is the position of appellants that under the decision in the Palaske case, *supra,* none of the respondents are entitled to a pension in excess of 50 per cent; that certain respondents in the case of *Adams* v. *City of Long Beach,* Civil No. 17544, who did not enter the permanent classified service of the city until after the effective date of the repeal on March 29, 1945 (having been theretofore employed on a temporary basis), are entitled to no benefits whatsoever under section 187; and, with respect to the finding that the auditor was not authorized to make deductions from the plaintiffs' salaries, that such finding should stand if the decision in the Palaske case is held applicable, but that if the city is required to pay the increased pension under section 187 then it should be entitled to make the deductions authorized by section 187.

Respondents contend that their right to increase their retirement benefits by continuing in their employment with the city, as authorized by section 187 prior to its repeal, was an important and integral part of their contract with the city, and that this point was determined in their favor in the Kern case, *supra,* where the Supreme Court said (p. 856) : "Accordingly, we conclude that petitioner has a vested pension right and that respondent city, by completely repealing all pension provisions, has attempted to impair its contractual obligations. This it may not constitutionally do, and therefore the repeal is ineffective as to petitioner." The point is made that when the Supreme Court rendered its decision in the Kern case the employee had served 22 years, or 2 years over the required minimum, and that the court did not limit his pension to one-half his salary, but ordered that a peremptory writ of mandate issue "directing respondents to grant petitioner's application for a retirement pension as provided by section 187, subdivision (2), of the city charter before the repeal." Respondents also rely upon the language of the court in the Kern case that ". . . The permissible scope of changes in the provisions need not be considered here, because the respondent city, with a minor exception, has repealed all pension provisions." By this language, it is contended, the Supreme Court properly characterized section 187.1 as an outright repeal.

Respondents further contend that "the theory of implied modification as contended for by appellants, is contrary to settled principles of law," in that the attempted outright

repeal is inconsistent with an intention on the part of the electorate to modify; that to uphold such modification requires the court to rewrite the statute and substitute its will for that of the legislative branch; that an intent to modify is negatived by the legislative history of the charter; that the presumed modification violates sections 11 and 21 of the California Constitution requiring that all laws of a general nature have a uniform operation and prohibiting the granting of special privileges to a class (an employee with 30 years of service on the date of the repeal could retire on a pension of two-thirds his salary, while one with 19 years, for example, could retire only on one-half his salary even though he should continue in service for 30 years); and that the 5-year proviso, being dependent for its operation on the supposed effectiveness of the repealing clause, is not severable therefrom. Finally, it is urged, the modification impairs a contractual obligation in violation of the state and federal Constitutions.

Respondents urge that the decision of this court in *Palaske* v. *City of Long Beach, supra,* is not determinative of the question here. They point out, first, that in their complaints they alleged, and the trial court found, "that in accepting and continuing in said employment with the city of Long Beach as aforesaid, each and all of said plaintiffs relied upon the provisions of section 187 of the city charter of said city and the various benefits therein provided, including the right to earn and receive a retirement pension upon the completion of 20 or more years of service, as provided by subdivision (2) of said section 187; that during the past 10 years numerous opportunities of engaging in other employment which would have paid a higher current rate of compensation than that actually being received by plaintiffs and each of them from the defendant city, was offered to each and all of said plaintiffs, but that in reliance upon the belief that they were earning the right to receive the various benefits provided by said section 187, plaintiffs and each of them continued to serve in the police or fire department of said defendant city as aforesaid." This reliance element, it is said, was not pleaded or considered in the Palaske case. "In the Palaske case, however," say the respondents, "the principal question before the court related to the right of the petitioner to have the time served by him in the armed forces counted towards his retirement pension. . . . and although the decision does concededly contain language which supports appellants' position, the net result of the decision was to hold that Palaske was not

entitled to increase his retirement pension beyond the minimum of 50 per cent by virtue of the period of time served by him in the armed forces. Furthermore, as we will show, the determination of this question in the Palaske matter was arrived at without the benefit of any exhaustive discussion of the authorities relied upon by appellants, because they were not cited in appellants' opening brief and oral argument was waived.''

After due consideration of the arguments advanced by respondents, we adhere to the conclusion reached in the Palaske case, wherein this court held that the proviso in the repealing amendment saving pension rights to those who had completed the minimum term of service was separable from the invalid portion of the amendment which attempted to repeal all pension rights as to others; that such proviso constituted a reasonable modification under the rule laid down in the Kern case, and operated to limit the pension rights of those who had not served the minimum term to a pension of 50 per cent.

The argument of respondents that the question should be reconsidered for the reason that it was not the main question in the case and this court did not have the benefit of an exhaustive discussion of the authorities, is answered by the fact that the point was urged at length on petition for rehearing and on a petition for hearing in the Supreme Court, which latter petition was denied.     Respondents have also suggested that the language in the Kern case relating to reasonable modifications was ''by way of dictum.'' Whether this be correct or not, the language was expressly approved by the Supreme Court in the later case of *Packer* v. *Board of Retirement*, 35 Cal.2d 212 [217 P.2d 660].

We therefore adopt as part of this opinion the following language from the Palaske case [p. 132] :

''Applying the principles set forth in *Kern* v. *City of Long Beach, supra,* it appears that it was within the power of the city to modify its pension plan to provide that on and after the effective date of the amendment an employee who was entitled to retire might do so or not, as he saw fit, but that if he chose to continue as an employee he could not thereby earn any additional pension above that to which he was entitled on the effective date of the amendment.     As stated by the Supreme Court, the employee has a vested right only to a substantial or reasonable pension. His contractual right to such a pension has not been impaired by legislation which,

operating prospectively, merely withdraws any right or option to earn a bonus by continuing in employment after he has become eligible for retirement.

". . . . . . . . . . . .

"We are in accord with appellants' contention that since the city had the power to modify the pension plan although it could not repeal it altogether, that section 187.1 should be construed as effective to limit respondent's pension right to 50 per cent of his salary. While the attempted repeal of all rights was void, the provision limiting pension rights is separable therefrom. It appears from the amendment that the electors of the city intended to reduce the liability for pensions created under section 187 to the extent of their power constitutionally to do so, and intended to preserve pension rights only to those who were eligible for retirement on the effective date. Although they could not deprive respondent and others similarly situated of all pension rights, they had the power to modify such rights, and it would seem to follow, therefore, that respondent is entitled only to those rights accorded by the amendment—that is, a limited pension. Those who were eligible for retirement on the effective date were entitled to the pension they had earned on the effective date and no more, while those who reached the 20-year mark subsequent to the effective date became eligible for retirement on a 50 per cent pension and no more."

Appellants must also be upheld in their second chief contention, that persons who were temporary employees of the city prior to the effective date of the amendment and who did not become regular members of the classified civil service until after that date, are not entitled to any pension whatever under section 187. (In this connection, it should be noted that in 1949, by charter amendment, the city elected to participate in the State Employees' Retirement System.) The city charter (§ 103) provides that positions in the service shall be filled from eligible lists maintained by the chief examiner. Section 102 provides: "The Civil Service Board, subject to the approval of the City Council, shall adopt, amend, and enforce a code of rules and regulations, providing for appointment and employments in all positions in the classified service, based on merit, efficiency, character and industry, which shall have the force and effect of law; shall make investigations concerning the enforcement and effect of this article and of the rules

adopted." Pursuant to section 102, the board adopted section 9 of rule V, in part as follows:

"Sec. 9. CERTIFICATION IN ABSENCE OF LISTS: PROVISIONAL APPOINTMENTS. When no priority or eligible list exists for a position under the classification for which the requisition has been made by the appointing power, and when no priority or eligible lists exist for other classifications of similar nature and duties, the Board may certify names of persons deemed by it to be best qualified for such position, such persons having prior thereto submitted to the Board evidence of experience and ability to perform the duties of the position to be filled. *All appointments made pursuant to such certification shall be temporary and shall remain in force only until such time as a priority or eligible list is provided for such classification and a regular appointment can be made to fill the position but in no event shall such temporary appointment be effective for a period in excess of 150 days.*" (Emphasis added.)

The employees here involved were given temporary positions in the absence of eligible lists for the positions of patrolman or fireman, their appointment letters reading in part as follows: "Your appointment is for a temporary period of time only, and your services hereunder may be terminated at any time by the City Manager, and your said appointment shall in no event be effective, or remain in force, for a period in excess of 150 days from said effective date of this appointment." These employees each received two or more provisional appointments before they received permanent appointments after passing competitive examinations. The examinations were held and permanent appointments made subsequent to the effective date of the repeal of section 187.

It is the position of appellants that these temporary appointments expired by their own terms and by operation of law at the end of 150 days, and if the employees were to remain in the service of the city after such period a new temporary appointment or contract had to be made. At the time these employees filed applications to take competitive examinations for permanent positions, section 187 of the charter had been repealed, and therefore the provisions of said section did not constitute a part of any contract of employment between them and the city. It is true they had hopes of passing the examinations and receiving permanent appointments, but there was no assurance that they would pass such examinations or pass the strenuous physical examination required under the civil service rules.

The trial court found that these employees were "possessed of the requisite physical and mental qualifications to entitle them to permanent appointments at the time they were so appointed (as provisionals) and that said parties took the same oaths and performed the same duties as any other members of the police or fire department respectively, and were in all respects treated as regular members thereof, including the making of deductions from their respective salaries for allocation to the Relief and Pension fund by defendants, as provided by Section 187, subd. (6) of the City Charter prior to its repeal."

Subdivision (5) of section 187 provided, with reference to the police department, that "For the purpose of the provisions contained herein the Police Department shall consist of all members of such Police Department *appointed under civil service rules and regulations and sworn in,* as provided by the provisions of the Charter of the City of Long Beach, *and including such members of such departments as are not required to be under civil service rules and regulations, to perform the duties of a regular police officer of the City of Long Beach under whatever designation they may be described in any salary or departmental ordinance providing compensation for the members of said Police Department;* . . . ." (Emphasis added.) A similar provision is contained in the section with reference to the fire department.

It is respondents' position that the manner of appointment had solely to do with the civil service status of these employees, that is, whether or not they were subject to summary dismissal, but that their right to a pension should be determined solely by the provisions of section 187 just quoted. They performed the same duties as regular members and deductions were made from their salaries. The construction urged by appellants, it is said, is contrary to the settled principle that pension statutes are to be liberally construed in favor of the prospective pensioner. Reliance is placed upon the cases of *Giese* v. *City of Los Angeles,* 77 Cal.App.2d 431 [175 P.2d 562], and *McKeag* v. *Board of Pension Commissioners,* 21 Cal. 2d 386 [132 P.2d 198]. It is further argued that the failure of the chief examiner to perform his duty of holding examinations in order to provide eligible lists should not be permitted to prejudice the rights of these employees; that although the appointments were temporary in form, in substance they constituted permanent positions, citing *Powers* v. *Board of Public Works,* 216 Cal. 546 [15 P.2d 156].

The force of respondents' argument may be conceded were the question presented that of whether or not these particular policemen or firemen were members of the pension system and entitled to its benefits during their temporary employment; but the true question here involved is whether, on March 29, 1945, they had contractual rights which could not be impaired by the attempted repeal. In other words, conceding that they would have been entitled to the benefits of the pension system had a contingency arisen calling for its application during their period of temporary employment, such as disability or death, it does not follow under the foregoing facts here present that they have a right to continue under the pension system by virtue of the constitutional provisions against the impairment of contracts. While the charter provision was in force, the contracts between these employees and the city were provisional and temporary, limited to 150 days. When they entered into contracts of permanent employment the charter provision had been repealed. ■ For this reason, we deem inapplicable the authorities relied upon by respondents, and hold that the employees who entered into permanent contracts subsequent to the repeal of section 187 are not entitled to a pension under its provisions.

The judgment in *Allen* v. *Long Beach*, Civil No. 17545 (Superior Court No. LBC-14131), is modified as follows: The third paragraph thereof is amended by adding thereto the words "provided, however, that said contractual rights are limited, with respect to a retirement pension, to an annual pension equal to one-half of the salary attached to the rank held by such plaintiff or plaintiffs one year prior to the date of their respective retirements, and no more."

The fourth paragraph of said judgment is modified by striking therefrom the words "and an additional one and two thirds per cent (1⅔%) of such salary for each year over twenty (20) years and less than thirty (30) years in the aggregate served by such member before retirement, or a maximum pension equal to two-third (⅔rds) of the salary attached to such rank for an aggregate service of thirty (30) years or more in any capacity or rank whatever, in either of such Departments."

The next to the last paragraph of said judgment, reading "It is further ordered, adjudged and decreed that such of the plaintiffs as have already been retired are entitled to recover from the defendant, CITY OF LONG BEACH, the difference, if any, between the amounts already received by them on

account of their respective retirement pensions and the full amount of such retirement pension to which they are entitled as herein determined, and the defendants are hereby ordered to take such steps as may be necessary to secure the payment of such amounts forthwith, and likewise to modify all retirement pensions heretofore granted so as to insure the continued payment of the proper pension to such parties in accordance with their respective rights as herein determined and adjudicated.'' is stricken.

The judgment in *Adams* v. *Long Beach,* Civil. No. 17544, Superior Court No. LBC-14130, is modified as follows:

The third paragraph thereof is amended by adding thereto the words ''provided, however, that said contractual rights are limited, with respect to a retirement pension, to an annual pension equal to one-half of the salary attached to the rank held by such plaintiff or plaintiffs one year prior to the date of their respective retirements, and no more.''

The fourth paragraph of said judgment is modified by striking therefrom the words ''and an additional one and two-thirds per cent ($1\frac{2}{3}\%$) of such salary for each year over twenty-five (25) years and less than thirty-five (35) years in the aggregate served by such member before retirement, or a maximum pension equal to two-thirds ($\frac{2}{3}$rds) of the salary attached to such rank for an aggregate service of thirty-five (35) years or more in any capacity or rank whatever, in either of such Departments.''

The judgment is further modified by adding thereto the following:

''That the plaintiffs Victor W. Armitage, Thomas Jack Bradley, William R. Carter, Truman W. Cleveland, Donald A. Fox, William H. Hocking, Virgil M. Jones, William T. Jones, Kenneth K. King, Herbert L. Lindbergh, John W. Makemson, Robert H. Morgan, Harold R. Morse, Phillip E. Stanson, John William Whatley, Jr., and George Thomas Walters, are not entitled to any pension benefits under said section 187 of the Charter of the City of Long Beach.''

As so modified, the judgments are affirmed, without costs to either party.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied January 2, 1951, and respondents' petition for a hearing by the Supreme Court was denied February 5, 1951. Carter, J., voted for a hearing.