[Civ. No. 18217. Second Dist., Div. Two. July 25, 1951.]

GARY J. SMITH et al., Appellants, v. CITY OF LONG BEACH et al., Respondents.

Kenneth Sperry for Appellants.

Irving M. Smith, City Attorney, and Clifford D. Hayes, Deputy City Attorney, for Respondents.

McCOMB, J.—Plaintiffs filed this action against defendants for the purpose of obtaining a declaration of their civil service status and pension rights if any under the charter of the City of Long Beach and the civil service regulations.

*Facts:* With the exception of plaintiff James A. Buckle, none of the plaintiffs was ever appointed to positions of employment in the city of Long Beach prior to their entry into the armed forces of the United States. Plaintiff Buckle was given a provisional appointment in December of 1941, the terms thereof providing for the expiration of the appointment at the end of 150 days. However he resigned in March of 1942 to enter the armed forces.

Each plaintiff prior to his entry into the armed forces filed applications to take open competitive examinations for the position of either patrolman or fireman. They passed such

examinations and their names were placed on appropriate eligible lists. Before any of plaintiffs were certified for or appointed to permanent positions in either the police or fire department they entered the armed forces, and when their names were reached for certification from the eligible lists they were unable to accept appointments.

On June 29, 1943, the civil service board adopted section 17, of rule IV, under the terms of which any person whose name was on an eligible list who was unable to accept an appointment at the time his name was reached for certification due to being in the armed forces was entitled to have his name placed on an appropriate list designated the "Military Deferred List." The rule further provided that such persons upon their return from service were entitled to certification for appointment within the time specified therein. Pursuant to this rule the name of each plaintiff was placed upon said "Military Deferred List." Upon his return from service each applicant was certified and appointed to the position of either fireman or patrolman.

At the time of the commencement of this action each plaintiff held a position in either the police or fire department by virtue of said certification and appointment.

Section 101.5 of the Long Beach city charter provides in part as follows:

"All persons in the classified service who on or after June 1, 1940, shall have entered, or who hereafter shall enter, the armed forces of the United States during war or national emergency proclaimed by the President or the Congress of the United States or Act of Congress providing for peace time induction or conscription, and who shall have been honorably discharged or placed on the inactive or reserve list or relieved from such service with a certificate of satisfactory service, shall be reinstated without loss of status or seniority to the positions held by them prior to entry into such Federal service or to positions of like seniority and status, . . ."

Section 395.1, subdivision (b) of the Military and Veterans Code reads:

"Upon such return and reentry to the office or employment the officer or employee shall have all of the rights and privileges in, connected with, or arising out of the office or employment which he would have enjoyed if he had not been absent therefrom; provided, however, such officer or employee shall not be entitled to sick leave, vacation or salary for the period during which he was on leave from such governmental service

and in the service of the armed forces of the United States.

"If the office or position has been abolished or otherwise has ceased to exist during his absence, he shall be reinstated in a position of like seniority, status and pay if such position exists, or to a comparable vacant position for which he is qualified."

The trial court found that plaintiffs did not have any pension rights under section 187 of the charter. From this judgment they appeal.

*Questions:* First: *Does the term "all persons in the classified service" as used in section 101.5 of the charter, supra, include persons whose names were on eligible lists and extend to such persons the same rights as were extended to persons actually in the employ of the city at the time they left to serve in the armed forces?*

*No.* A reading of the section discloses that it deals solely with employees of the city and that such section does not include within its scope persons whose names were on eligible lists.

It is evident that had the framers of the charter intended to include eligibles for appointment within the scope of the section some mention would have been made of the procedure to be followed in extending such rights. The charter includes several paragraphs which set forth the procedure to be followed in extending rights to employees and the effect the extension of such rights would have upon them. Not a word is said about the procedure to be followed if eligibles for appointment were accorded similar rights thereunder or the effect the extension of such rights of such eligibles would have upon employees who were appointed subsequent to the time the names of eligibles were reached for certification.

Persons who are on eligible lists are not persons in the classified service. (*Jones v. O'Toole,* 190 Cal. 252, 256 [212 P. 9] ; *cf. People ex rel. Laist v. Lower et al.,* 251 Ill. 527 [96 N.E. 346, 347, 36 L.R.A.N.S. 1203] ; *Hurley v. Board of Education of City of New York,* 270 N.Y. 275 [200 N.E. 818, 820].)

Under this rule and the foregoing authorities the sole right which plaintiffs obtained as a result of their names being placed on the eligible list was to be certified for appointment in the manner provided by law. They did not in any manner become "persons in the classified service" nor did they acquire any civil service status. They could only become "persons in the classified service" when they were appointed by the

appointing power. Hence section 101.5 of the municipal charter is inapplicable to plaintiffs.

■ Second: *Did plaintiffs acquire any rights under the provisions of section 187 of the municipal charter as it stood prior to its repeal on March 29, 1945?*

*No.* Since, as we have pointed out above, none of the plaintiffs excepting James A. Buckle was ever employed by defendant municipality prior to March 29, 1945, they had no vested rights which they had obtained through any contract of employment with defendant municipality. (*Kern* v. *City of Long Beach,* 29 Cal.2d 848, 852 [179 P.2d 799].)

Plaintiff James A. Buckle obtained no vested rights under the provisions of section 187 of the charter for the reason that he held merely a provisional appointment from the defendant municipality. It was stipulated that he did not receive an appointment letter from the city manager between March, 1942, and the time he returned from service in the armed forces in 1945 or 1946, and since he did not become a regular employee of the classified civil service until after section 187 was repealed he was not entitled to any of the pension benefits thereof. (*Allen* v. *City of Long Beach,* 101 Cal.App.2d 15, 21 [224 P.2d .792].) It is conceded that he received a permanent appointment beginning March, 1946.

■ Third: *Was there substantial evidence to sustain the trial court's finding that plaintiff Milovich was not appointed to the position of patrolman prior to his entry into the armed forces?*

*Yes.* It is conceded that he did not receive an appointing letter from the city manager prior to his entry into the armed forces, nor did he enter into the performance of his duties. It is likewise conceded that he was notified by the civil service board to report for a physical examination which was given to him, but there is no evidence that he had been examined by a board of physicians as provided by section 1a, rule XI, nor was there any evidence that the civil service board had approved the physical report of said plaintiff. The latter testified that the personnel officer stated that he would let him know later, or would call him later, and that he received his induction notice prior to the time that he reported for duty and that he never reported for duty prior to entering the armed forces.

Plaintiff Milovich further testified that he had called the personnel officer and stated that "I had received my induction papers and apparently I could not accept the job. I told him

that I would see him after the war.'' These facts thoroughly support the trial court's finding that such plaintiff had not been employed by the city prior to 1946.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied August 10, 1951, and appellants' petition for a hearing by the Supreme Court was denied September 20, 1951.