[Civ. No. 19352.   Second Dist., Div. Three.   June 2, 1953.]

FRANCIS E. BOWEN et al., Respondents, v. CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, and John J. Tully, Jr., Assistant City Attorney, for Appellants.

Kenneth Sperry for Respondents.

SHINN, P. J.—Respondents, with others who do not appeal, members of either the fire department or the police department of Los Angeles City, passed civil service examinations and were placed on eligibility lists, the firemen on November 17, 1925, and the policemen on October 13, 1926. At that time the charter of the city of Los Angeles provided a yearly pension for firemen and policemen equal to 50 per cent of the

annual salary attached to the position *one year* prior to the date of retirement for *20 years* of service, plus *1 2/3* of such salary for each year over *20* and less than *30*, and *2/3* of such salary for *30* years of service. (Stats. 1925, p. 1085, § 181.) By Statutes 1927, page 2020, section 181 was amended to provide a pension equal to 50 per cent of the average monthly salary during the *three years* immediately preceding his retirement with *25 years* of service, plus *1 2/3* per cent of such rate for *each year over 25 and less than 35*, and *2/3* of such rate *for 35 years of service*. The effective date of this amendment was January 17, 1927, and it was provided that any member appointed prior to that date should receive a pension *50* per cent of the *average* monthly rate of salary he received during *three years* immediately preceding retirement for *20 years* of service, plus *1 2/3* per cent of such rate for each year over *20* and less than *30,* and *2/3* of such average monthly rate for *30* such years of service. The charter was again amended by Statutes 1947, page 3679, but it affected plaintiffs only by continuing in effect the 1927 schedule.

Respondents were appointed subsequent to the effective date of the 1927 amendment. In this action for declaratory relief they contend they are entitled to pensions at the rates and on the terms which prevailed at the time they were placed on the lists of eligibles and, although they were appointed after the effective date of the 1927 amendment, that the city could not lawfully reduce their pensions below those received by others appointed prior to January 17, 1927, from the same eligibility lists. The amounts which would have accrued in favor of respondents under the schedule effective prior to the 1927 amendment, in excess of those which accrued under the schedule provided by the amendment ranged from $125.05 to $336.84 up to the time of judgment. Respondents were awarded these respective sums and defendants appeal.

The trial court held that the amendments were ineffective as to respondents for the reason that they were in conflict with the provisions of sections 11 and 21 of article I of the California Constitution and the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

The argument of respondents is simply this: The city could not constitutionally discriminate between those who were appointed prior to January 17, 1927, and those who were appointed afterwards from the same lists of eligibles; they had preferred rights to appointment from the time they were

placed on the eligibility lists, which is true; although they were appointed after January 17, 1927, they have rendered the same services rendered by others who were appointed from the same eligibility lists prior to January 17, 1927, and that the discrimination between the two classes was unreasonable, arbitrary, and not founded upon any natural, intrinsic or constitutional ground of distinction. In other words, they claim that being on the lists of eligibles is the same as being appointed as members of the classified civil service. The charter does not so provide.

In reaching its conclusion, in consonance with the contentions of the respondents, the trial court was in error. ▋ No pension rights accrued prior to the time respondents entered the service of the city. This point was decided in *Smith* v. *City of Long Beach*, 105 Cal.App.2d 618 [234 P.2d 191]. In that case the plaintiffs were claiming pension rights which had been extended by section 187 of the city charter to employees in the classified service. Section 187 was repealed March 29, 1945. At that time the plaintiffs were on lists of eligibles but they were not appointed until after the repeal. The court said (p. 621): "Persons who are on eligible lists are not persons in the classified service. (*Jones* v. *O'Toole*, 190 Cal. 252, 256 [212 P. 9]; cf. *People ex rel. Laist* v. *Lower*, 251 Ill. 527 [96 N.E. 346, 347, 36 L.R.A.N.S. 1203]; *Hurley* v. *Board of Education of City of New York*, 270 N.Y. 275 [200 N.E. 818, 820].) Under this rule and the foregoing authorities the sole right which plaintiffs obtained as a result of their names being placed on the eligible list was to be certified for appointment in the manner provided by law. They did not in any manner become 'persons in the classified service' nor did they acquire any civil service status. They could only become 'persons in the classified service' when they were appointed by the appointing power." It was also said that the plaintiffs had acquired none of the rights of city employees prior to the date they entered service of the city, citing *Kern* v. *City of Long Beach*, 29 Cal.2d 848, 852 [179 P.2d 799].

▋ Pension rights, such as those here involved, are contractual in nature and they become vested at the time the employee enters the public service. (*Dryden* v. *Board of Pension Commrs.*, 6 Cal.2d 575 [59 P.2d 104]; *Kern* v. *City of Long Beach*, 29 Cal.2d 848 [179 P.2d 799].)

In *Allen* v. *City of Long Beach*, 101 Cal.App.2d 15 [224 P.2d 792], it was held that policemen and firemen, while holding positions under temporary appointments pursuant to

charter provisions were not regular members of the civil service, and that their subsequent appointment to the departments, after the repeal of the pension provisions of the charter, gave them no pension rights.

The arguments of plaintiffs in support of the claim of unconstitutionality are merely an extension of their contention that they had pension rights prior to the dates of their several appointments. Distinguishing between those who had acquired pension rights and those who had acquired none, as was done by the 1927 amendment, impaired no contract rights of members of the latter class. Plaintiffs have equal rights with others who are in the same class of appointees, namely, those who were appointed after January 17, 1927.

The judgment is reversed with directions to amend the conclusions of law and to enter judgment in accordance with the foregoing views.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 19, 1953, and respondents' petition for a hearing by the Supreme Court was denied July 28, 1953.