People ex rel. Leo H. Jacques, Appellee, v. Dolores Sheehan, Albert W. Williams and John J. Ahern, Members of and Constituting the Civil Service Commission of the City of Chicago, Appellants.

Gen. No. 48,335.

First District, First Division.

November 20, 1961.

 

John C. Melaniphy, Corporation Counsel, of the City of Chicago (Sydney R. Drebin and John J. O'Toole, Assistant Corporation Counsel, of counsel), for appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, of Chicago), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant Commissioners appeal from an order directing that a writ of mandamus issue, commanding them "to take all steps necessary" to accord relator, Leo H. Jacques, the benefit of his correct Board of Education efficiency mark, which was received by the Commissioners after a promotional eligible list had been posted.

No questions are raised on the pleadings. The basic facts are not in dispute, and it is not charged that

there is any impropriety, collusion or fraud by anyone. The principal question for review is whether the trial court committed error by compelling the Commission to recognize and to give effect to Jacques' correct efficiency mark, after the promotional eligible list had been posted.

On December 8, 1956, Jacques, a junior auditor in the classified service of the Board of Education since January 6, 1947, took a promotional examination for the position of Assistant Chief Accountant, which position he was then holding as a temporary appointee. The rules of the Civil Service Commission of the City of Chicago prescribe the scope of the examination as "Duties 6, Efficiency 3, and Seniority 1." Each factor was used in arriving at the final general average for each applicant.

For Jacques, the Commission used an efficiency mark of 85, which had been reported to it in a letter from the Board of Education, dated August 16, 1957. The final general average awarded Jacques was 69.7. As an over-all average of 70% was required to be placed on the eligible list, the promotional eligible list published on August 21, 1957, did not include Jacques.

Subsequent to the posting of the list and after the receipt of a breakdown of his marks, Jacques was informed by his supervisor that, for the period involved, he had received an efficiency mark of 87.5 and not the mark of 85, as reported to the Commission. If the mark of 87.5 for efficiency had been used in computing the final general average for Jacques, he would have received a passing grade of 70.45 for the examination, and would have been entitled to placement upon the eligible list and to receipt of additional credits for military service.

Thereafter, to rectify the error, a letter, dated September 12, 1957, was sent by the Board of Education to the Civil Service Commission, stating that "Mr.

16

Jacques' record for efficiency for the period July 1, 1955 to December 31, 1955 was, and is, 87.5%. His standing for the examination of Assistant Chief Accountant should be changed accordingly." However, the Civil Service Commission did not make the change, and Jacques filed this mandamus action.

The cause was heard on the complaint, answer and reply. Exhibits received in evidence include the Board of Education letter of August 16, 1957, which reported the efficiency mark of 85, and the subsequent letter dated September 12, 1957, reporting plaintiff's correct efficiency mark as 87.5. The only testimony was that of the secretary of the Civil Service Commission, who testified that upon receipt of the letter stating that Jacques' correct efficiency mark was 87.5, he took the matter up with the Board, "but they denied it because the list was published." After hearing arguments of counsel and discussion of the law, the court directed that the writ of mandamus issue.

Initially, defendants contend that the Commission is required to comply with its rules and regulations. People ex rel. Bergquist v. Gregory (1949), 337 Ill App 661, 86 NE2d 434; Cartan v. Gregory (1946), 329 Ill App 307, 68 NE2d 193; People ex rel. Fleming v. Geary (1944), 322 Ill App 338, 54 NE2d 247.

Rule V, Section 4 of the Civil Service Rules, provides in part:

"Section 4. Efficiency. Records of efficiency of appointees in the classified service shall be ascertained by the Commission in such manner as it may determine as evidenced by its action and may include reports derived from heads of departments or bureaus or from investigations made by the Commission . . . ."

Regulation XII of the Civil Service Regulations of Procedure provides:

"The rating of the efficiency markings of any competitor in any promotional examination shall be in such manner as the Commission may determine with

17

respect to such examination, and upon the posting of a promotional eligible list based upon such examination the action of the Commission with reference to the efficiency markings for that examination shall be conclusive evidence of such determination."

Defendants argue that the efficiency mark of 85 must stand, because it is the mark reported by plaintiff's department head and used by the Civil Service Commission in preparing and posting the promotional eligible list (Rule V, Section 4); and that such efficiency mark is conclusive evidence of such determination upon the posting of the promotional eligible list (Regulation XII).

To sustain this contention defendants cite 62 CJS, Municipal Corporations, § 714, p 1450, and Mulcrone v. O'Connor (1957), 13 Ill App2d 549, 142 NE2d 794. The Mulcrone case did not involve the same factual situation. There, the plaintiff sought to compel the commissioner of police to change his efficiency mark, then to submit it to the Commission, and then to compel the Commission to recognize it and correct the numerical score received by plaintiff—all after the posting of the promotional list. Although the opinion states that Regulation XII is specific that upon the posting of a promotional list, the action of the Commission with reference to efficiency marks "shall be final and conclusive," it also states that technical or mechanical errors may be corrected. We note, too, that the opinion stresses plaintiff's delay in commencing his action (p 553):

"Plaintiff, who was employed in the Records Department, was well aware long before the promotional list was posted that his record did not reflect the act of bravery. He had ample opportunity to take such action as was necessary to have this corrected so that the Commissioner could consider it. He waited, however, more than two years after the promotional eligi-

ble list had been posted to file this action. . . . Plaintiff waited until it was too late to file his complaint."

We do not believe these authorities are controlling in the instant situation.

Jacques contends that the Commission does have the power and a continuing duty to correct an error or mistake of fact. Cases cited are People ex rel. Gaynor v. Board of Fire & Police Com'rs of Oak Park (1957), 14 Ill App2d 329, 334–336, 144 NE2d 763; People ex rel. Laist v. Lower (1911), 251 Ill 527, 96 NE 346; People v. Frazier (1920), 219 Ill App 234; People ex rel. Latimer v. Board of Education (1950), 341 Ill App 554, 94 NE2d 742.

In the Gaynor case, the issue was whether the Commission could change its method of marking and prepare a new eligible list after it had held an examination and announced the list of successful candidates. The trial court held the Board could not make the change. In affirming the decision, the Appellate Court said (p 334):

"In the end, therefore, it was not a matter of correcting an error but of applying, after an examination had been given and marks stated, a heavier weight for seniority."

And again on page 336:

"In the instant case it was not a mistake of fact nor a misinterpretation of its rules which the Board attempted to correct . . . . It was a change of mind with respect to the weight to be given seniority."

In People ex rel. Laist v. Lower, 251 Ill 527, 96 NE 346, the petitioner was certified to fill a vacancy as an architect. Afterward, the Civil Service Commission discovered that he was lacking in the necessary qualifications for the appointment and withdrew the certification. In affirming, the Supreme Court said (p 529):

19

"It was within the power of the civil service commission to correct its mistake by withdrawing the certificate."

In People v. Frazier, 219 Ill App 234, it was held that the Commission could be compelled to revoke its certification of an employee who was not eligible for a promotion under its rules and to make a correct eligible list, even though the employee involved had been appointed to the position.

■ ■ We agree that the Commission is required to comply with its rules and regulations, but we believe it is implicit from the foregoing cases that the Commission has the power and a continuing duty to correct an error or a mistake of fact, even when discovered after the posting of a promotional eligible list. Regulation XII should not be interpreted so as to take from the Commission this continuing power and duty to prevent injustices, either to a contestant in an examination or to the public.

■ ■ We do not agree with defendants' contention that the issuance of this writ will create disorder or confusion in the public service, and that the morale of all in the classified service of the City of Chicago will be adversely affected. (People ex rel. Mulvey v. Chicago (1937), 292 Ill App 589, 12 NE2d 13.) We believe to the contrary. No honest person can complain where the Commission properly acts to prevent an injustice. A person in the classified service, who acts diligently on discovery, should be protected against erroneous markings, made by deliberation or, as here, by honest mistake.

■ Defendant appellants have raised here the question whether judicial review by a mandamus proceeding is proper in this case. Section 2 of the Administrative Review Act (Ill Rev Stats 1955, c 110, § 265) does prohibit the employment of pre-existing

20

methods of securing judicial review, one of which is the remedy of mandamus. (People ex rel. United Motor Coach v. Carpentier (1959), 17 Ill2d 303, 306, 161 NE2d 97; People ex rel. Fike v. Slaughter (1961), 31 Ill App2d 175, 175 NE2d 585.) However, that question is not properly before us because it was not raised or passed upon in the trial court. People ex rel. Walker v. O'Connor (1953), 351 Ill App 545, 549, 115 NE2d 808.

■ We conclude that it affirmatively appears from the record that the plaintiff had a clear legal right to the writ, free from doubt, and that there is a corresponding clear legal duty on the part of the Commissioners to perform the acts required by the writ awarded plaintiff. People v. Schlaeger (1945), 391 Ill 314, 331, 63 NE2d 382; People ex rel. Simpkins v. Village of Kincaid (1960), 26 Ill App2d 68, 167 NE2d 698.

For the reasons given, the judgment is affirmed.

Affirmed.

BURMAN and ENGLISH, JJ., concur.