[Civ. No. 15736. First Dist., Div. Two. Feb. 4, 1954.]

W. HERBERT GRAHAM, Appellant, v. JAMES G. BRYANT, as Director of Department of Employment, et al., Respondents.

Fabian D. Brown for Appellant.

Edmund G. Brown, Attorney General, and William M. Bennett, Deputy Attorney General, for Respondents.

NOURSE, P. J.—This is an appeal from a judgment denying a peremptory writ of mandate. The amended petition for writ of mandate alleged in substance that in 1939 petitioner passed the examination for regional referee, Department of Employment, the name of which office was later changed to senior referee, Department of Employment; that he was thereafter certified to said position and entitled to hold said office and to perform its duties; that no positions in said classification were available until September, 1946, and that petitioner was therefore in 1939 assigned to the duties of the lesser office of hearing officer, Department of Employment; that when on or about September 14, 1948 (read 1946) positions as senior referee were available petitioner had sufficient seniority over other employees of said department to entitle him to be appointed to one of said positions and that on October 14, 1946, he demanded of respondents that they assign him to the duties of such position; that respondents failed to conform to said demand, that petitioner on October 14, 1946, appealed to the respondent California State Personnel Board, herein further called the board, which on October 10, 1949, denied his appeal and that his petition for a rehearing was denied on October 25, 1949; that although petitioner has all essential qualifications, has been duly certified and positions are available, respondents consistently refuse to assign him to the duties thereof and fail to pay him the emoluments of said office, with prayer for a writ of mandate directing respondents to assign petitioner

to the duties of said office and pay him the emoluments thereof or show cause why they should not do so.

Respondents' return objected to the sufficiency of the petition to state a cause of action for relief, and to the jurisdiction of the court over the subject matter and denied the allegations of the amended petition stated, except that petitioner took the alleged examination, that on October 14, 1946, he applied for a hearing to respondent board, which hearing was duly granted and held and the appeal denied; that the court is without jurisdiction to act on any evidence not contained in the record because no offered evidence was excluded by the board, no objection was made by petitioner to any ruling on evidence and no evidence was available to petitioner which could not have been introduced before respondent board, and that the introductory letter of October 14, 1946, was not filed within the statutory time and that therefore the petition is barred by the statute of limitations.

At the trial in the superior court the records of petitioner on file with the State Personnel Board were received in evidence over objection of respondents after petitioner's attorney had testified that it was agreed that the board would consider said records which were available to it. It appeared at said hearing that pending the proceedings appellant had reached the retirement age and the action remained of importance only with respect to possible back pay and retirement benefits.

The superior court found in substance, that appellant passed the examination for the office of regional referee, Department of Employment, the name of which office was then changed to senior referee, Department of Employment but was and is not entitled to hold that office or to be appointed to it, not by virtue of seniority as a state employee or otherwise, that he does not have the essential qualifications for the position of senior referee nor has he been duly certified for the same; that petitioner has not stated grounds for relief and is not entitled to it; that petitioner's appeal was correctly heard and denied by the board.

On appeal appellant sets out his contentions without any relation to his allegations in his amended petition or to the findings of the superior court. They are in substance that because he was, after passing the examination, placed on the eligible list for regional referee (a position with supervisory duties), and from that list appointed to the lower position of

hearing officer (without supervisory duties) he was entitled under section 64 of the State Civil Service Act (Stats. 1937, chap. 753; 1 Deering Act 1404) to be assigned to the position of senior referee when such positions, which differed only in name from the position of regional referee, were available in 1946. Abolishing of the eligible list for regional referee in 1944 was ineffective as to him because he had not been notified of the intention to do so as was then required by rule. 5, section 3 of the California State Personnel Board.

Respondents do not treat the substantive questions raised by appellant but rely only on the defenses that the allegations of the amended petition do not state any matter reviewable under section 1094.5, subdivision (b), Code of Civil Procedure; that appellant's original petition of October 14, 1946, was barred by section 19630, Government Code (State Civil Service Act, § 52) which requires civil service action to be brought within a year after the cause of action arose; that appellant did not exhaust his administrative remedies by not fully stating and supporting his case at the hearing before the board, but presenting only a "skeleton case" and that the records of the board relating to appellant were improperly received in evidence in the superior court.

Appellant does not defend his pleading and it certainly is not perfect: Nevertheless we are disinclined to decide the case on the asserted formal defects, especially where the superior court has reviewed the matter on the merits. Although the amended petition does not expressly attack the validity .of the decisions of the board of October 10 and October 25, 1949, we will consider the petition as one under section 1094.5, Code of Civil Procedure, for the review of said orders as the orders can evidently not be disregarded or held invalid without direct attack where no lack of jurisdiction of the board is involved. (*Stockton* v. *Department of Employment,* 25 Cal.2d 264, 268 [153 P.2d 741].) It is true that none of the matters mentioned as reviewable in such proceedings in subdivision (b) of section 1094.5 has expressly been spelled out, but appellant, in his petition for the writ, has alleged facts which in his opinion entitle him to hold the position claimed, that this position was denied him and that the board denied his appeal. This by implication alleges a deprivation of substantive right and a violation of substantive law by the board. Such violation of law must be reviewable in the procedure under section 1094.5, Code of

Civil Procedure, even if no findings of fact are made by the board so that it cannot be said that the findings do not support the decision. ■ It is not required that abuse of discretion in the meaning of section 1094.5 is alleged in so many words (*Boren* v. *State Personnel Board,* 37 Cal.2d 634, 640 [234 P.2d 981]). It cannot be said that appellant's action is barred by section 19630, Government Code (State Civil Service Act, § 52) because appellant's cause of action to be assigned to the duties of senior referee according to his allegations arose in 1946 only, when such position became available. ■ Neither can it be said that he did not exhaust his administrative remedies; no authority holds that as a prerequisite for access to the courts it is not only required that the litigant has first availed himself of all administrative remedies, but moreover that he has applied them in the most effective manner. The contention that the records relating to petitioner on file with the board were erroneously received in evidence in the superior court is without merit as it was expressly agreed at the hearing before the board that the facts were in the records of the board which were available as part of the hearing without need for appellant to go over them. (See clerk's transcript, p. 12, lines 8-12.)

However, there can be no doubt that the writ prayed for was correctly denied. Appellant has failed to show that he was entitled to hold the office of senior referee. His only title to such office was that in 1939 he passed the examination for the similar office of regional referee, was then placed on the eligible list for that office and was from that list appointed to the lesser office of hearing officer. There is nothing in the record showing that he has ever been certified for or appointed to the office of senior or regional referee, or that his seniority was such that he should at any time have been so certified or appointed. The only fact appearing with respect to his standing as compared to others is that in the examination for regional referee his position on the list was eleventh. ■ The fact that appellant was placed on the eligible list did not give him any vested right in such office or any civil service status. (*Smith* v. *City of Long Beach,* 105 Cal.App.2d 618, 621 [234 P.2d 191]; *Jones* v. *O'Toole,* 190 Cal. 252, 256 [212 P. 9].) ■ Neither can the fact that from said eligible list he was appointed to the lesser office of hearing officer give him any status as to the office of regional referee or senior referee to which he was not appointed. Section 64 of the

State Civil Service Act, *supra*, cited by appellant in this respect, does not support his contention. This section gave a right of reemployment in a comparable position to a person *holding* a position at the time when that position was reclassified downward so as to lead to loss of salary, but appellant, when appointed to the position of hearing officer, did not *hold* the position of regional referee but was only on the eligible list for it. Appellant's basic misconception, stated in so many words in his introductory letter of October 14, 1946, and also orally before the board, is that the appointment to the position of hearing officer was an appointment to the position of regional referee so that no further appointment whatever was necessary to have him hold the equivalent position of senior referee and he could enter on the duties and receive the salary of said office without such appointment. This explains the absence of all evidence as to seniority before the board. Evidently the rejection of this position in all instances was correct. ▮ It is unnecessary to decide whether in 1946 appellant possessed the qualifications for the position of senior referee, because, even if he possessed the qualifications to be eligible to said position that would not in itself entitle him to hold said office. The finding as to lack of qualifications is therefore not necessary to the decision.

Judgment affirmed.

Dooling, J., and O'Donnell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.