171 Cal.App.3d 324 (1985)
217 Cal. Rptr. 457
GOVERNING BOARD OF THE EL DORADO UNION HIGH SCHOOL DISTRICT, Plaintiff and Appellant,
v.
COMMISSION ON PROFESSIONAL COMPETENCE, Defendant and Respondent; MARY GRACE FLOYD, Real Party in Interest and Appellant.
Docket No. 23647.
Court of Appeals of California, Third District.
August 21, 1985.
*327 COUNSEL
Robert W. Stroup, Brian J. McCully, Mary Beth de Goede, Leith B. Hansen and Finkle & Stroup for Plaintiff and Appellant.
Marcus Vanderlaan, Christiana Tiedemann and Constance M. Gutowsky for Real Party in Interest and Appellant.
No appearance for Defendant and Respondent.
OPINION
EVANS, J.
In consolidated actions, the Governing Board of the El Dorado Union High School District (District) appeals from the denial of its petition for writ of mandate in the superior court;[1] Mary Grace Floyd (Floyd) appeals from the order taxing costs. (Code Civ. Proc., § 1033.) We shall reverse.
In February 1980, District completed a written evaluation of Floyd, a permanent (tenured) certificated teacher, and found her classroom control and presentation to be generally unsatisfactory. Pursuant to the terms of an agreement (contract) reached by collective bargaining between District and the teacher's association, an additional followup evaluation of Floyd was *328 conducted in May 1980. That evaluation found improvement was needed in a variety of areas and made suggestions as to how the improvement might be accomplished. Floyd was again evaluated in February 1981, and because of unsatisfactory comments, a followup evaluation was held in May 1981.
On October 14, 1981, the District sent Floyd a "90-day letter" pursuant to Education Code[2] section 44938 as it then existed,[3] informing her of 58 specific instances of unprofessional conduct and incompetence. Attached to the letter was a copy of the May 1981 evaluation. On March 3, 1982, the District served Floyd with a notice of intent to dismiss accompanied by a statement of 57 charges. Floyd filed a written demand for a hearing.
A hearing was commenced before the Commission of Professional Competence (Commission), consisting of an administrative law judge and two panel members. Floyd moved to dismiss all charges because of the failure by the attorney for the District to comply with the requirement of section 44938 that a Stull Act evaluation be included in the 90-day letter.[4] On January 18, 1983, the administrative law judge issued an intended ruling by which he granted the motion to dismiss as to 48 of the charges; the remaining 9 charges consisted of charges of unfitness for service and were not subject to the requirements of section 44938. The final order dismissing the charges was filed on January 24, 1983.
Following a continuance, during which the District sought a writ of mandate not the subject of this appeal, the proceedings were resumed on March 28, 1983. The District moved for a stay of the proceedings, due to the *329 unavailability of certain witnesses. The motion was denied. The following day, District informed the administrative law judge it believed the judge had erred in granting the motion to dismiss, and chose to rest its case, rather than present evidence on the remaining nine charges. On April 21, 1983, the Commission rendered a final decision dismissing the charges against Floyd.
The District filed a petition for writ of mandate in the superior court, seeking to have the order dismissing the charges of incompetence and unprofessional conduct reversed; the petition was denied and this appeal ensued. The trial court awarded costs and attorney fees to Floyd, pursuant to section 44944; the District responded with a motion for order taxing costs. The trial court granted the motion as to certain costs and expenses claimed, and Floyd appeals from that order.

I
(1a) District contends the administrative law judge erred in finding it had failed to attach a Stull Act evaluation to Floyd's 90-day letter, and the superior court compounded the error by denying the writ for petition of mandate. Prior to our discussion of the issue two preliminary matters must be addressed.
(2a) Floyd argues the District is precluded from raising the issue on appeal because of its asserted failure to exhaust its administrative remedies by not presenting any evidence on the nine charges of unfitness. (3) The general rule is that "[j]udicial intervention is premature until the administrative agency has rendered a final decision on the merits. Before seeking judicial review a party must show that he has made a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings. [Citations.]" (Bleeck v. State Board of Optometry (1971) 18 Cal. App.3d 415, 432 [95 Cal. Rptr. 860]; Edgren v. Regents of University of California (1984) 158 Cal. App.3d 515, 520 [205 Cal. Rptr. 6].) The requirement is jurisdictional. (McHugh v. County of Santa Cruz (1973) 33 Cal. App.3d 533, 539 [109 Cal. Rptr. 149].)
(2b) In its argument to the superior court, the District stated, "We were essentially giving up our right on those nine [charges], or we were essentially taking a default against us on those nine by virtue of the fact that we didn't present evidence as to ... unfitness, ..." It reiterates that concession on appeal, stating in its reply brief: "The District knowingly forfeited its right to proceed on those charges." The decision to not go forward on the charges of unfitness was obviously a tactical one; whether or not wise, *330 it does not lead to the conclusion the District has failed to exhaust its administrative remedies. "Neither can it be said that he did not exhaust his administrative remedies; no authority holds that as a prerequisite for access to the courts it is not only required that the litigant has first availed himself of all administrative remedies, but moreover that he has applied them in the most effective manner." (Graham v. Bryant (1954) 123 Cal. App.2d 66, 70 [266 P.2d 44].) The District has given up any right it had to proceed on those charges. Moreover, a final decision was reached in this matter; the Commission found cause was not established for Floyd's dismissal and ordered the charges dismissed. While it is true the ruling was reached as the result of a procedural ruling precluding a determination on the merits, Floyd cannot argue the ruling dismissing the charges of unprofessional conduct and incompetence was correct, while at the same time argue the District failed to obtain a ruling on the merits.
Next, a short synopsis of the applicable code sections is necessary. Section 44938 requires a certain evaluation to be included with the 90-day letter charging unprofessional conduct or incompetence. As previously mentioned, the evaluation referred to is commonly known as a Stull Act evaluation. Section 44660 states "It is the intent of the Legislature that governing boards establish a uniform system of evaluation and assessment of the performance of all certificated personnel within each school district...." Section 44662 sets forth evaluation and assessment guidelines. Former section 44663 provided "Evaluation and assessment made pursuant to this article shall be reduced to writing and a copy thereof shall be transmitted to the certificated employee not later than 60 days[[5]] before the end of each school year[[6]] in which the evaluation takes place. The certificated employee shall have the right to initiate a written reaction or response to the evaluation. Such response shall become a permanent attachment to the employee's personnel file. Before the end of the school year, a meeting shall be held between the certificated personnel and the evaluator to discuss the evaluation." (Stats. 1976, ch. 1010, § 2, p. 3407.) Stull Act evaluations must be made at least every other year for personnel with permanent status. The evaluations must include recommendations, if necessary, as to areas needing improvement in the employee's performance; any notice of unsatisfactory *331 performance shall be presented to the employee in writing, and thereafter the employing authority must meet and confer with the employee, making specific recommendations as to areas needing improvement. (§ 44664.)
(1b) The evaluation attached to Floyd's 90-day letter was the one made in May 1981. The administrative law judge found "The May 1981 evaluation was not made pursuant to the Stull Act evaluation provisions because it did not comply with Education Code Section 44663. That section requires that evaluations pursuant to the Stull Act be provided to the employee no later than 60 days before the end of the school year." He went on to hold the District had substantially complied with section 44938, but that case law required strict compliance, citing Tarquin v. Commission on Professional Competence (1978) 84 Cal. App.3d 251 [148 Cal. Rptr. 522], and Hoyme v. Board of Education (1980) 107 Cal. App.3d 449 [165 Cal. Rptr. 737]. District argues this conclusion is erroneous, and that substantial compliance is all that is required. We agree.
In Tarquin, supra, the school district failed to include any evaluation, Stull Act or otherwise, with the teacher's 90-day letter. The reviewing court concluded the inclusion of a Stull Act evaluation was a precondition to dismissal, and the school district was without jurisdiction to proceed on the charges because the notice did not include an evaluation. (84 Cal. App.3d at p. 259.)
In California Teachers Assn. v. Governing Board (1983) 144 Cal. App.3d 27 [192 Cal. Rptr. 358] (cert. den., 465 U.S. 1008 [79 L.Ed.2d 235, 104 S.Ct. 1003]), a case factually similar to this one, the teacher's classroom performance had been observed on many occasions from January 1978 through March 1980. The observers noted she was unable to maintain control over the students, and her lessons showed a lack of planning and focus. In January 1980, the teacher was delivered a letter informing her of specific acts of incompetence. Appended to the letter were two formal evaluations, dated November 15, 1979, and April 18, 1979, prepared by those who had observed her classroom. (144 Cal. App.3d at p. 31.) On appeal, the teacher argued the evaluation attached to the notice did not satisfy the requirements of section 44938 because the school district had failed to establish guidelines required by section 44660.[7]
*332 The reviewing court rejected the argument, first noting, "Nowhere in section 44660 is there any statement about the consequence to the district of the governing board's failure to establish such a system or to adopt such guidelines. Neither do we find in other sections of the Stull Act a statement that any disability or consequence flows from the failure to adopt guidelines for evaluation and assessment of the performance of certificated employees." (144 Cal. App.3d at p. 32.) The court went on to state "Plaintiffs do not dispute the fact that an evaluation of Takahashi's performance accompanied each of the notices of incompetency. In the notices, the district described the attached evaluations as having been made pursuant to section 44660 et seq. We believe the evaluations which the district attached to the notices of incompetency to Takahashi complied with the provisions of section 44664. They were provided within the time limits specified in that section.[[8]] In addition, they included recommendations as to areas of improvement in the performance of Takahashi as required by that section. They also contained a notice to Takahashi in writing that she was not performing her duties in a satisfactory manner and they described such unsatisfactory performance. Finally, the evaluators conferred with Takahashi after the evaluations and made specific recommendations as to areas of improvement in her performance. They also provided assistance to her in improving her performance. This assistance included a provision of textbooks and a course of instruction on improving classroom discipline and control and visits to other classrooms. [¶] We find nothing in the Tarquin decision to support a conclusion that the district lacked jurisdiction to proceed on the charges of incompetency against Takahashi. Neither do we believe it is logical or reasonable to conclude that it was the intent of the Stull Act that such be the consequence of failure of the district's governing board to adopt guidelines for assessing teacher incompetency. The numerous safeguards which the framers of that legislation included to assure full and complete due process in any attempted dismissal are inconsistent with such an intent. The requirement of a full statement of the charges and a specification of the acts, omissions and facts relevant to each occasion of alleged incompetency are but a few of these safeguards." (144 Cal. App.3d at pp. 33-34.) It concluded "If, as we believe, the Stull Act was intended to encourage regular evaluations and to avoid arbitrary evaluations and dismissals, common sense dictates there was compliance with section 44938 in this case. [Fn. omitted.]" (Id., at p. 36.)
We find the reasoning of that case to be reasonable and applicable in the present matter. Floyd's argument that the evaluation attached to her 90-day *333 letter was not a Stull Act evaluation is based solely upon the fact it was presented to her later than 60 days before the end of the school year. In all other respects, that evaluation is identical in form and in content generally to the evaluation made in February 1981, which, of course would have clearly satisfied the requirements of section 44938 and former section 44663. The purpose of the Stull Act is to "establish a uniform system of evaluation and assessment...." (§ 44660.) (4) The purpose of section 44938 is to give the teacher at least 90 days within which to correct his conduct. (Tarquin v. Commission on Professional Competence, supra, 84 Cal. App.3d at pp. 257-258.) (1c) Floyd was given more than adequate notice that her performance needed improvement. Like the teacher in California Teachers Assn. v. Governing Board, supra, 144 Cal. App.3d 27, Floyd was told of specific examples of unsatisfactory performances. She was given advice and assistance in improving. The evaluators met and conferred with her and discussed methods of teaching which would be more effective. Not only were Stull Act evaluations performed, but pursuant to the terms of District's contract with the teachers, Floyd received additional evaluations and conferences on how her performance might be improved. These evaluations were made over a two-year period.
District substantially complied with the requirements of section 44938 and the Stull Act; no more is required. To allow hypertechnical procedural oversights to thwart the orderly process delineated by the statutory scheme would be to exalt form over substance and would result in an abuse of the judicial process. Our conclusion is in accord with both the views of the Legislature and the Supreme Court. In Miller v. Chico Unified School Dist. (1979) 24 Cal.3d 703 [157 Cal. Rptr. 72, 597 P.2d 475], a school principal was reassigned to a teaching position. The plaintiff argued the school district had failed to comply with section 44664 by neglecting to notify him in writing of his shortcomings and by failing to confer with him. The Supreme Court rejected this argument finding the school board had substantially complied with the "Stull Act's mandate that the board fix performance guidelines for its certificated personnel, evaluate plaintiff in light of such guidelines, inform plaintiff of the results of any evaluation, and suggest to plaintiff ways to improve his performance." (Id., at p. 717.) The court concluded, "Throughout the year, however, plaintiff's supervisors had contacted him frequently concerning his difficulties; after at least two meetings Associate Superintendent Cloud provided plaintiff with memoranda listing methods of improvement. Thus plaintiff knew of the board's close attention to his performance and of specific ways in which he could alleviate their concerns. Under these circumstances we reject the trial court's finding of noncompliance and its overly restrictive interpretation of the requirements *334 of section 44664. [Fn. omitted.]" (Id., at p. 717.)[9] Decisional authority adequately supports our conclusion only substantial compliance with the terms of the Stull Act is required notwithstanding the use of the word "shall" in the pertinent code sections, a word generally indicating a mandatory requirement. (Fair v. Hernandez (1981) 116 Cal. App.3d 868, 876 [172 Cal. Rptr. 379].)
Floyd was aware for two years she needed to improve her teaching skills. She was given advice and assistance in doing so. She has not and cannot show any prejudice resulting from the attachment of the May rather than the February evaluation. In light of her repeated failure to improve we cannot see how attachment of the February evaluation could have accomplished any change.
Finally, in an urgency measure effective July 28, 1983, the Legislature amended section 44944 to include the following provision: "The decision of the Commission on Professional Competence that the employee should not be dismissed or suspended shall not be based on nonsubstantive procedural errors committed by the school district or governing board unless the errors are prejudicial errors." (Stats. 1983, ch. 498, § 59, p. 2084.) Floyd argues the general prohibition against retroactive application of statutes not expressly made so, and the rule against impairment of vested rights preclude the application of this provision to the present matter. Interestingly, the District agrees with her.
(5) As a general rule, statutes are not to be given retroactive effect unless the Legislature clearly intended such an effect. (Battle v. Kessler (1983) 149 Cal. App.3d 853, 858 [197 Cal. Rptr. 170].) However, the rule does not apply to a statute effecting a change in procedure or providing a new remedy for the enforcement of existing rights. (Governing Board v. Commission on Professional Competence (1977) 72 Cal. App.3d 447, 461 [140 Cal. Rptr. 206].) "A statute is procedural when it neither creates a new cause of action nor deprives defendant of any defense on the merits. [Citation.]" (Strauch v. Superior Court (1980) 107 Cal. App.3d 45, 49 [165 Cal. Rptr. 552].) (1d) The newly enacted legislation does not deprive Floyd of a defense on the merits; it is strictly procedural. The effect of the statute is to eliminate precisely the situation encountered in this case.
*335 (6a) The District raises the argument it complied with the requirement of section 44938 that the Stull Act evaluation be included in the 90-day notice because one paragraph in the letter referred to comments made in the February 1981 evaluation. It argues that because the Legislature used the word "include" rather than "attach," mere reference to a Stull Act evaluation is proper. The argument is specious. (7) First, it is a cardinal rule of statutory construction that "courts are bound to give effect to statutes according to the usual, ordinary import of the language employed in framing them." (Rich v. State Board of Optometry (1965) 235 Cal. App.2d 591, 604 [45 Cal. Rptr. 512]; California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698 [170 Cal. Rptr. 817, 621 P.2d 856].) (6b) A common sense interpretation of section 44938, combined with the ordinary usage of the word "include" compels the conclusion the intent of the Legislature was to require that a copy of the full evaluation be sent with the letter. "The written notice shall include the evaluation made pursuant to [the Stull Act]...." (§ 44938, subd. (a); italics added.) If the creators had intended for only portions of the evaluation to be sent with the letter, they would not have used the term "the evaluation."
Had the District not attached the May evaluation to Floyd's 90-day letter, and relied only upon the reference to the February evaluation in the body of the letter, clearly that would not have risen to the level of substantial compliance. Substantial compliance, as applied to section 44938 and the Stull Act, means the certificated employee has received an evaluation within a time period such that due process is not violated, which gives him or her clear notice of areas needing improvement. Such an evaluation upholds the spirit and intent of the Stull Act.
In light of our decision, we need not discuss the propriety of the order taxing costs. The judgment denying District's petition for writ of mandate is reversed. The superior court is ordered to grant the petition for writ compelling the administrative law judge to vacate his order dismissing the 48 counts of incompetence and unprofessional conduct, and the order dismissing all charges against Floyd. The order granting costs is also reversed.
Regan, Acting P.J., concurred.
SIMS, J., Concurring.
I do not reach the question whether the July 1983 amendments to Education Code section 44944 (Stats. 1983, ch. 498, § 59) *336 may be applied to this case. In my view, application of that statute is unnecessary to the result. In all other respects, I concur in the court's opinion.
A petition for a rehearing was denied September 16, 1985, and the petition of real party in interest and appellant for review by the Supreme Court was denied November 27, 1985.
NOTES
[1] District's notice of appeal, dated January 4, 1984, purports to be from a minute order dated November 9, 1983. The actual judgment denying the petition was filed on January 5, 1984. However, since notices of appeal are to be liberally construed, we shall treat District's notice as one from the judgment rather than the minute order. (Roston v. Edwards (1982) 127 Cal. App.3d 842, 846 [179 Cal. Rptr. 830].)
[2] Unless otherwise indicated, all further statutory references are to the Education Code as reorganized on April 30, 1977.
[3] Prior to amendment in 1983, section 44938 provided, "The governing board of any school district shall not act upon any charges of unprofessional conduct or incompetency unless during the preceding term or half school year prior to the date of the filing of the charge, and at least 90 days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct or incompetency, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his faults and overcome the grounds for such charge. The written notice shall include the evaluation made pursuant to Article 11 (commencing with Section 44660) of Chapter 3 of this part, if applicable to the employee. `Unprofessional conduct' and `incompetency' as used in this section means, and refers only to, the unprofessional conduct and incompetency particularly specified as a cause for dismissal in Sections 44932 and 44933 and does not include any other cause for dismissal specified in Section 44932."

Any further reference to section 44938 in this opinion will be to that section as it existed prior to the 1983 amendment, unless noted otherwise.
[4] Article II, chapter 3 of part 25 of the Education Code commencing with section 44660 is commonly known as the Stull Act. A Stull Act evaluation refers to an evaluation made pursuant to those sections.
[5] This section was amended in 1983 by an urgency measure effective July 28, 1983, to require the evaluation be transmitted to the employee not later than 30 days prior to the last schoolday on the school calendar for the school year in which the evaluation took place. (Stats. 1983, ch. 498, § 30, p. 2070.)
[6] The law in effect at the time Floyd received her letter was that the school year, for purposes of section 44938, referred to the educational year, i.e., September through June. (McKee v. Commission on Professional Competence (1981) 114 Cal. App.3d 718, 724 [171 Cal. Rptr. 81].)
[7] That section provides, "It is the intent of the Legislature that governing boards establish a uniform system of evaluation and assessment of the performance of all certificated personnel within each school district of the state, including schools conducted or maintained by county superintendents of education. The system shall involve the development and adoption by each school district of objective evaluation and assessment guidelines which may, at the discretion of the governing board, be uniform throughout the district or, for compelling reasons, be individually developed for territories or schools within the district, provided that all certificated personnel of the district shall be subject to a system of evaluation and assessment adopted pursuant to this article."
[8] Floyd grasps onto this sentence, asserting the court was emphasizing the importance of time limits in the Stull Act. We do not attach the same importance to this casual mention of a time constraint. Moreover, the reference was to the frequency with which Stull Act evaluations must be made, not the 60-day requirement of former section 44663.
[9] The District notes the Miller case refers to the plaintiff's final Stull Act evaluation of June 1975 (24 Cal.3d at p. 717), and argues the Supreme Court found the evaluation to be proper under the Stull Act even though it was conducted in June and obviously could not have met the 60-day deadline. The case contains no explanation why the evaluation was made then, nor, apparently, did the parties raise the issue. Thus, we cannot conclude the Supreme Court reached its decision on that basis.