Filed 7/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| VINCENT DeYOUNG, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COMMISSION ON PROFESSIONAL COMPETENCE OF THE HUENEME ELEMENTARY SCHOOL DISTRICT, <br><br> Defendant and Respondent; <br><br> HUENEME ELEMENTARY SCHOOL DISTRICT, <br><br> Real Party in Interest and Respondent. | 2d Civil No. B248502 <br> (Super. Ct. No. 56-2012-00412966-CU-WM-VTA) <br> (Ventura County) |

Vincent DeYoung was a tenured teacher with the Hueneme Elementary School District (District). The District's governing board voted to dismiss him based on charges he had physically and abusively disciplined his students. The vote occurred after a District representative orally presented the charges to the board in a confidential proceeding. Although written charges subsequently were prepared and provided to DeYoung, the Education Code required that the board, prior to initiating dismissal, consider either verified written charges prepared by the District or written charges formulated by the board itself. (Ed. Code, § 44934.)[1] DeYoung contends the board's

---

[1] All statutory references are to the Education Code unless otherwise stated.

failure to consider or formulate written charges before initiating his dismissal nullified all further proceedings. (*Ibid.*) Because this procedural error was neither substantive nor prejudicial, we conclude DeYoung's dismissal was proper. (§ 44944, subd. (c)(2).)

The Commission on Professional Competence of the Hueneme Elementary School District (Commission) upheld DeYoung's dismissal on the merits. It rejected his assertion the governing board's procedural error in initiating dismissal deprived it of jurisdiction to review the board's decision. Nonsubstantive procedural errors committed by a school district or governing board do not preclude dismissing a teacher "unless the errors are prejudicial errors." (§ 44944, subd. (c)(2).)

The trial court denied DeYoung's petition for writ of mandate. It found, as did the Commission, that the governing board's failure to consider or formulate written charges before initiating DeYoung's dismissal was a nonsubstantive procedural error that was not prejudicial. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

DeYoung is a permanent, certificated (tenured) teacher who began working for the District in 1990. His assignment for the 2009/2010 school year was a combination class of second and third graders who were English learners; their first language was Spanish. On March 25, 2010, DeYoung became angry and frustrated with students who were talking and laughing during a classroom movie. He grabbed some of the students, told them to "shut up," called them "stupid," struck one student in the foot with a chair, hit three students on top of the head with a yardstick or metal desk leg, and threw a pencil or pen at two or three students. His conduct frightened the students and, in some instances, caused physical pain.

The next day, after receiving complaints from parents, the school principal, Heidi Haines, discussed the incident with DeYoung and his union representative. DeYoung admitted raising his voice and using the word "stupid." He claimed he "re-directed" a child to a different chair, but denied hitting any of the students or throwing chairs. Haines discussed the matter with him again the following week and in April

2

2010. During that time frame, DeYoung told a colleague he was being accused of hitting his students.

In late April 2010, the assistant superintendent, Deborah DeSmeth, met with DeYoung to discuss the incident. He denied throwing anything, hitting any students or calling them names. District representatives orally informed the governing board of the complaints against DeYoung. On May 4, 2010, the District sent a letter to DeYoung detailing the charges against him and advising he was being placed on administrative leave. In September 2010, the District held a *Skelly*[2] meeting to allow DeYoung and his counsel to respond to the District's proposed action to dismiss him. At that meeting DeYoung acknowledged that the students' misbehavior and laughter frustrated him and caused him to use poor judgment. He also admitted using the word "stupid" and throwing a pencil at a student.

During a closed meeting in October 2010, the District's governing board voted to dismiss DeYoung based on charges and information orally presented by DeSmeth. Thereafter, the District sent a letter advising DeYoung of the board's decision and outlining the specific charges. In December 2010, the District served an amended written accusation proposing to dismiss DeYoung on grounds of evident unfitness for service (§ 44932, subd. (a)(5)), refusal to obey school laws (*id*. at subd. (a)(7)) and immoral conduct (§§ 44932, subd. (a)(1), 44939). DeYoung requested a hearing before the Commission and actively participated in all phases of the administrative process.

DeYoung moved to dismiss the administrative proceeding, citing the governing board's violation of section 44934 when it failed to consider or formulate written charges before initiating his dismissal. At the start of the four-day evidentiary hearing, the Commission's chairperson asked DeYoung's counsel if he had "any case law to support any situation where there's ever been a decision to dismiss the case because of this type of oversight?" He responded: "There's no preceden[t] on 44934 that I'm aware of." The chairperson denied the motion to dismiss. In a unanimous decision, the

---

[2] *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194.

3

Commission upheld DeYoung's dismissal based on his evident unfitness for service, violation of school rules and immoral conduct. Among other things, it determined DeYoung's testimony was not credible and that "[h]e appeared to be adapting his testimony to explain the children's accounts of his conduct without acknowledging the full extent of his inappropriate actions."

DeYoung petitioned for a writ of mandate. He claimed the Commission lacked jurisdiction over the proceeding because the District's governing board "was not acting on written charges presented to it when it authorized the District to terminate [his] employment," as required by section 44934. He did not contest the merits of the Commission's decision. The trial court rejected DeYoung's strict interpretation of section 44934, choosing to apply "a less strict construction . . . viewed in conjunction with the allover circumstances which are present." In denying the petition, the court found "the failure to prepare written [charges] as the very first step in the process was error, but it was non-substantive and non-prejudicial." DeYoung appeals.

DISCUSSION

*Standard of Review*

"'[T]he construction of statutes and the ascertainment of legislative intent are purely questions of law. This court is not limited by the interpretation of the statute made by the trial court . . . .' [Citation.]" (*Bravo Vending v. City of Rancho Mirage* (1993) 16 Cal.App.4th 383, 391-392.)

"In reviewing a commission's decision, the superior court 'shall exercise its independent judgment on the evidence.' [Citation.] Where a superior court is required to make such an independent judgment upon the record of an administrative proceeding, the scope of review on appeal is limited. An appellate court must sustain the superior court's findings if substantial evidence supports them. [Citations.] In reviewing the evidence, an appellate court must resolve all conflicts in favor of the party prevailing in the superior court and must give that party the benefit of every reasonable inference in support of the judgment. When more than one inference can be reasonably deduced from the facts, the

4

appellate court cannot substitute its deductions for those of the superior court. [Citation.]" (*Pasadena Unified Sch. Dist. v. Commission on Professional Competence* (1977) 20 Cal.3d 309, 314; see *San Diego Unified School Dist. v. Commission on Professional Competence* (2011) 194 Cal.App.4th 1454, 1461-1462.)

*Statutory Framework*

"A permanent employee, such as a certificated tenured teacher, has a vested right to [his] position and may not be deprived of it without due process of law. [Citation.]" (*Raven v. Oakland Unified School Dist.* (1989) 213 Cal.App.3d 1347, 1357.) The Education Code prescribes the "procedures" to be followed when a school district wishes to dismiss, suspend or otherwise discipline a tenured teacher. (*Wilmot v. Commission on Professional Competence* (1998) 64 Cal.App.4th 1130, 1132 (*Wilmot*); *Paramount Unified School Dist. v. Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1378; see § 44660 et seq.) Section 44932 lists the causes for dismissal. (*Boliou v. Stockton Unified School Dist.* (2012) 207 Cal.App.4th 170, 176 (*Boliou*).) Section 44934 permits the school district's governing board to give notice of intent to dismiss a tenured teacher upon consideration of either the district's filing of verified written charges or the board's formulation of written charges. Here, the District did not file verified written charges; nor did the board formulate written charges before voting to dismiss. [3]

Once a governing board votes to dismiss under section 44934, the teacher must be given notice by a written accusation. (Gov. Code, §§ 11503, subd. (a), 11507; see *Boliou*, *supra*, 207 Cal.App.4th at p. 176.) The teacher may request a hearing before

---

[3] Although section 44934 governs both dismissal and suspension, we limit our discussion to dismissal. The statute states, in relevant part: "Upon the filing of written charges, duly signed and verified by the person filing them, with the governing board of the school district, or upon a written statement of charges formulated by the governing board, charging that there exists cause, as specified in Section 44932 or 44933, for the dismissal . . . of a permanent employee of the district, the governing board may, upon majority vote, except as provided in this article if it deems the action necessary, give notice to the permanent employee of its intention to dismiss . . . him or her at the expiration of 30 days from the date of service of the notice, unless the employee demands a hearing as provided in this article."

5

a Commission on Professional Competence.**4** (§ 44944.) If a hearing is requested, the board must either rescind its action or schedule a hearing. (§ 44943.) If a hearing is held, the Commission must issue one of three dispositions: "(A) That the employee should be dismissed. [¶] (B) That the employee should be suspended for a specific period of time without pay. [¶] (C) That the employee should not be dismissed or suspended." (§ 44944, subd. (c)(1).) Section 44944, subdivision (c)(2), states: "The decision of the Commission . . . that the employee should not be dismissed . . . *shall not be based on nonsubstantive procedural errors committed by the school district or governing board unless the errors are prejudicial errors*." (Italics added.)

*Construction of Sections 44934 and 44944, Subdivision (c)(2)*

The District contends the procedural requirements for initiating dismissal under section 44934 are subject to application of section 44944, subdivision (c)(2). Relying upon the statute's "plain meaning," DeYoung asserts the requirements in section 44934 are mandatory and, as a result, the District's and governing board's failure to strictly comply with the requirements nullified the board's decision to dismiss him, depriving the Commission of jurisdiction to proceed.

"Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.

---

**4** The Commission is "a three-member administrative tribunal consisting of one credentialed teacher chosen by the school district, a second credentialed teacher chosen by the teacher facing dismissal or suspension, and an administrative law judge of the Office of Administrative Hearings who is both the chairperson and a voting member of the commission." (*Boliou, supra,* 207 Cal.App.4th at p. 176; see § 44944, subd. (b).)

[Citations.]" (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737; *San Leandro Teachers Assn. v. Governing Bd. of San Leandro Unified School Dist.* (2009) 46 Cal.4th 822, 831.)

Here, it is undisputed section 44934 required the District's governing board to consider or formulate written charges before initiating DeYoung's dismissal. The statute provides that "[u]pon the filing of [verified] written charges" by the school district or "upon a written statement of charges formulated by the governing board," the board may give notice of its intent to dismiss a tenured teacher. (§ 44934.) This appeal would have been unnecessary had the District and its governing board complied with this straightforward requirement. Section 44934 does not, however, specify a remedy for noncompliance. Generally, "[w]hen a statute does not provide any consequence for noncompliance, the language should be considered directory [permissive] rather than mandatory." (*In re C.T.* (2002) 100 Cal.App.4th 101, 111; *Coastside Fishing Club v. California Fish and Game Commission* (2013) 215 Cal.App.4th 397, 425.)

DeYoung cites no cases construing section 44934's procedural requirements as mandatory. He contends *Pennel v. Pond Union School Dist.* (1973) 29 Cal.App.3d 832, 839, and *Governing Board v. Felt* (1976) 55 Cal.App.3d 156, 163 (*Felt*), establish that the procedural requirements for dismissal are to be strictly construed. In *Pennel,* the governing board terminated a probationary teacher without complying with *any* of the then-existing statutory requirements for dismissing a probationary teacher during the school year, including providing written notice of the charges and an opportunity to be heard. (*Pennel,* at pp. 838-839.) The Court of Appeal concluded the board's summary dismissal of the teacher, with none of the required procedural safeguards, was a "nullity." (*Id.* at p. 839.) That situation is not present here.

*Felt* strictly construed a provision in section 13413 (now section 44944) requiring the Commission to commence a hearing on dismissal no later than 60 days after one is requested. It held that if the hearing is not commenced within that period, the Commission loses jurisdiction to proceed unless the delay is excused. The court explained "[t]he definition of 'shall' as mandatory in the pertinent provision of the

7

Education Code itself requires that absent some indication that the statutory definition was not intended, it must be applied." (*Felt, supra,* 55 Cal.App.3d at p. 163.)

*Felt* is distinguishable in that it involved a mandatory deadline for commencing a hearing; and even then, the court noted the delay could be "excused." (*Felt, supra,* 55 Cal.App.3d at p. 163; see *Wilmot, supra*, 64 Cal.App.4th at pp. 1147-1148.) Regardless, *Felt*'s precedential value is undermined by the Legislature's addition of what is now subdivision (c)(2) to that same statutory provision (now section 44944) as "an urgency measure effective July 28, 1983." (*Governing Board v. Commission on Professional Competence* (1985) 171 Cal.App.3d 324, 334.) That amendment clarified that the Commission "shall not" vote to retain a teacher based on a procedural error committed by the school district or governing board, unless the error is substantive or prejudicial. (*Ibid.*) *Felt* was decided before the amendment and unlike that case, there is an "indication" the Legislature did not intend a strict construction of the procedures for initiating dismissal. (*Felt,* at p. 163; see *Alatriste v. Cesar's Exterior Designs, Inc.* (2010) 183 Cal.App.4th 656, 670 ["The Legislature is presumed to be aware of existing laws and judicial decisions interpreting those laws when it enacts legislation"].)

DeYoung cites no cases or other authority suggesting section 44944, subdivision (c)(2), is inapplicable to procedural errors involving section 44934. We can summarily dispense with his analogies to the procedural safeguards afforded defendants in criminal cases. Those rules are inapposite because "'employment of public school teachers is extensively regulated by the . . . Education Code.'" (*Paramount Unified School Dist. v. Teachers Assn. of Paramount*, *supra*, 26 Cal.App.4th at p. 1378.)

We also are not persuaded by DeYoung's analogies to cases addressing the notice requirements in section 44938. That section applies when a tenured teacher is charged with "unprofessional conduct." Among other things, it requires the school district's governing board to give the teacher at least 45 days' written notice before acting upon that charge. The notice requirement is remedial in that it "furnish[es] the employee an opportunity to correct his or her faults and overcome the grounds for the charge."

8

(§ 44938, subd. (a).)[5]  In light of its remedial purpose, courts have held that providing written notice under that section "is a jurisdictional prerequisite to proceeding with any charges mentioned in that provision."  (*Crowl v. Commission on Professional Competence* (1990) 225 Cal.App.3d 334, 348 (*Crowl*); *Tarquin v. Commission on Professional Competence* (1978) 84 Cal.App.3d 251, 257-259 (*Tarquin*); *Woodland Joint Unified School Dist. v. Commission on Professional Competence* (1992) 2 Cal.App.4th 1429, 1446 (*Woodland*) ["Where a school district seeking the dismissal of a permanent certificated employee on charges of unprofessional conduct fails to comply with the notice provision of section 44938, subdivision (a), it lacks jurisdiction to proceed, and any action subsequently taken against the employee is invalid"].)

DeYoung was not charged with unprofessional conduct and does not claim he was entitled to notice under section 44938.  (See *Tarquin, supra,* 84 Cal.App.3d at p. 260; *Woodland, supra,* 2 Cal.App.4th at p. 1447, italics added, fn. omitted ["[N]otice under section 44938 is required *only* where 'unprofessional conduct' is ultimately charged"].)  Moreover, not all of section 44938's procedural requirements are jurisdictional.  *Crowl* held the 45-day notice requirement is jurisdictional, but determined the school district could proceed with the disciplinary process even though its written notice did not inform the teacher he could overcome the charges by correcting his conduct.  (*Crowl, supra,* 225 Cal.App.3d at pp. 348-349.)  It concluded "[t]he question whether he had done so was an evidentiary consideration for the Commission and the trial court."  (*Id.* at p. 349.)

In *Governing Board v. Commission on Professional Competence, supra,* 171 Cal.App.3d at page 328, the Commission dismissed charges of unprofessional

---

[5] Section 44938, subdivision (a), states in full:  "The governing board of any school district shall not act upon any charges of unprofessional conduct unless at least 45 calendar days prior to the date of the filing, the board or its authorized representative has given the employee against whom the charge is filed, written notice of the unprofessional conduct, specifying the nature thereof with such specific instances of behavior and with such particularity as to furnish the employee an opportunity to correct his or her faults and overcome the grounds for the charge.  The written notice shall include the evaluation made pursuant to Article 11 (commencing with Section 44660) of Chapter 3, if applicable to the employee."

conduct because the school district's written notice did not include the performance evaluation required by section 44938. Finding the district had substantially complied with section 44938, the Court of Appeal reversed the trial court's denial of the district's petition for writ of mandate. (*Id.* at p. 333.) It determined the teacher had been given more than adequate notice of her deficient performance and that the omission of the evaluation was not prejudicial. (*Ibid.*) It reasoned that "allow[ing] hypertechnical procedural oversights to thwart the orderly process delineated by the statutory scheme would be to exalt form over substance and would result in an abuse of the judicial process." (*Ibid.*)

Of particular relevance, the Court of Appeal highlighted the then-recent amendment to section 44944 (now subd. (c)(2)) prohibiting the Commission from voting to retain an employee based on a nonsubstantive, nonprejudicial procedural error. (*Governing Board v. Commission on Professional Competence, supra,* 171 Cal.App.3d at p. 334.) It observed: "The newly enacted Legislation does not deprive [the teacher] of a defense *on the merits*; it is strictly procedural. *The effect of the statute is to eliminate precisely the situation encountered in this case*." (*Ibid.*, second italics added.)

DeYoung argues that because he had a vested right to his position, the governing board's failure to consider or formulate written charges before initiating dismissal violated his "substantive" due process rights. He provides no authority for this contention. Under section 44944, subdivision (c)(2), the question of whether a school district's or governing board's procedural error is "nonsubstantive" or "prejudicial" is an evidentiary consideration for the Commission and the trial court. (See *Crowl, supra,* 225 Cal.App.3d at p. 349.) Strictly construing section 44934's procedural requirements as mandatory or jurisdictional would render section 44944, subdivision (c)(2) meaningless, because the Commission would lack jurisdiction to ever decide whether a procedural error substantively or prejudicially affected the dismissal process. (See *Hassan v. Mercy American River Hosp.* (2003) 31 Cal.4th 709, 715-716 [principles of statutory construction "preclude judicial construction that renders part of the statute 'meaningless or inoperative'"].)

10

Section 44934 must "'. . . be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.]" (*Select Base Materials, Inc. v. Board of Equalization* (1959) 51 Cal.2d 640, 645; *Coalition of Concerned Communities, Inc. v. City of Los Angeles, supra,* 34 Cal.4th at p. 737.)  We conclude the statute may be harmoniously read with section 44944, subdivision (c)(2), to prohibit the Commission from voting not to dismiss a teacher based on the school district's or governing board's failure to comply with a procedural requirement in section 44934, unless it finds the failure was substantive or prejudicial.  This interpretation is consistent with the general tenet that "[t]he lack of strict compliance with a statute, in the absence of prejudice, does not render the subsequent proceedings void. [Citation.]"  (*In re Katelynn Y.* (2012) 209 Cal.App.4th 871, 880; *Coastside Fishing Club v. California Fish and Game Commission, supra,* 215 Cal.App.4th at p. 425.)  It also leads to a more reasonable result as it assures form is not elevated over substance.  (*Governing Board v. Commission on Professional Competence, supra,* 171 Cal.App.3d at p. 333; see *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 ["[I]f a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed"].)

*Evidentiary Findings*

Based on its review of the evidence, the trial court concluded the governing board's failure to consider or formulate written charges before initiating DeYoung's dismissal was a nonsubstantive, nonprejudicial procedural error.  It determined the error was nonsubstantive because "the charges brought against [DeYoung] were clear from the start, and never changed."  It found "no demonstrable prejudice to [DeYoung]" as he knew the nature of the charges at all times, was represented by competent counsel, participated in the discovery process and was afforded a full evidentiary hearing to which he raised no due process objections.  The court also found the District "did ultimately draft written charges which were consistent with the oral presentation which was initially made to the Board."  Substantial evidence supports these findings.

11

The charges arose from a single incident in March 2010 involving DeYoung's entire class. Students claimed DeYoung grabbed them, told them to "shut up," called them "stupid," struck them with objects or threw pens/pencils at them. District representatives discussed the students' accusations with DeYoung the day after the incident and on three other occasions before sending him a letter on May 4, 2010, detailing the charges and placing him on administrative leave. At the May board meeting, DeSmeth orally advised the governing board of the charges and of DeYoung's status. The District recommended his dismissal, but the matter was deferred because section 44936 prohibited the board from giving notice of intent to dismiss between May 15 and September 15.

In September 2010, DeYoung and his counsel participated in a *Skelly* meeting with District representatives to discuss and respond to the charges. In October, DeSmeth orally presented the charges to the governing board, reiterating the allegations discussed during the May meeting. The record discloses little information about these oral presentations since they occurred in closed sessions with the District's counsel, and the District has asserted the attorney-client privilege regarding those discussions. DeYoung infers from this lack of information that the board was not adequately informed of the actual events or facts and, consequently, was unable to make a meaningful decision regarding his dismissal.

In exercising its independent judgment on the evidence, the trial court deduced from the "allover circumstances" that the charges orally presented to the governing board by DeSmeth in May and October 2010 were consistent with the charges presented to DeYoung by DeSmeth and other District representatives in the four meetings between March and April, in the May 4th letter, in the September *Skelly* meeting, and ultimately in the written accusation. The record reasonably supports this inference. There were no other allegations of misconduct involving DeYoung and nothing in the record suggests DeSmeth gave the board an inconsistent or inaccurate account of the incident on which the charges were based. Even if we assume that more than one inference can reasonably be deduced from the facts, we are bound by the trial court's

12

deduction. (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873-874; *Pasadena Unified Sch. Dist. v. Commission on Professional Competence*, *supra,* 20 Cal.3d at p. 314.)

In sum, DeYoung's informal notification of charges, eventual receipt of written charges, representation by counsel, involvement in the discovery process and participation in a four-day evidentiary hearing confirm he was provided notice and a full opportunity to oppose the charges. He has not shown the governing board's reliance on an oral presentation of charges in initiating his dismissal undermined his preparation or otherwise prejudiced his defense. The trial court did not err by denying his mandate petition.[6]

### DISPOSITION

The judgment is affirmed. The District shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[6] Because we uphold the trial court's decision, we need not address the District's assertion that equitable considerations justified denial of the petition.

13

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Trygstad, Schwab & Trygstad, Daniel J. Kolodziej, Lawrence B. Trygstad, Richard J. Schwab for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Garcia, Hernandez, Sawhney & Bermudez, Chaka C. Okadigbo for Real Party in Interest and Respondent.