[No. 15353.    Department Two.—June 7, 1894.]

ALICE B. MALLOY, RESPONDENT, v. THE BOARD OF EDUCATION OF THE CITY OF SAN JOSE, APPELLANT.

BOARD OF EDUCATION—POWER TO ENACT RULES—STATUTORY QUORUM.—
  Where the statute provides that a majority of the board of education shall constitute a quorum for the transaction of business, and that the board may enact rules for the conduct of its own proceedings, the authority given it to enact such rules does not authorize it to overthrow or change the rule declared by the statute, that a majority of the board shall constitute a quorum.

ID.—AUTHORITY TO EMPLOY TEACHERS—CONTRACT—MUTUAL ASSENT.—
  The authority given to a board of education to employ teachers entitles them to contract with suitable persons to engage in the work of teaching in the public schools of the city for a fixed salary or compensation; and the employment implies a contract on the part of the employer to

hire, and on the part of the employee to perform, services, and until such a contract is mutually entered into, it can have no binding obligation upon either party.

ID.—BALLOT FOR TEACHER—OFFER OF EMPLOYMENT—REVOCATION BEFORE ACCEPTANCE.—The mere balloting by the majority of a quorum of the board of education for a teacher does not constitute an employment of the teacher, but amounts only to an offer of employment, which the board has a right to revoke or cancel at any time before acceptance.

ID.—EFFECT OF REFUSAL TO DECLARE ELECTION — MANDAMUS.— When the board, after taking a ballot in favor of the employment of a teacher, refuse then and there to declare the teacher elected, it in effect revoked and canceled the offer, and left nothing thereafter for the teacher to accept; and a writ of mandate will not lie to compel the board to declare such teacher elected.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*William B. Hardy,* and *S. F. Leib,* for Appellant.

Under the power given to the board of education by the charter of San Jose, the board had the power to pass the rule that in such matters as selecting teachers five votes should concur or there was no election, and the rule should be upheld by this court. (*Buffington Wheel Co.* v. *Burnham,* 60 Iowa, 496.)

*H. V. Morehouse,* and *Hiram D. Tuttle,* for Respondent.

As the city charter is the source of the power of the board, and says, "A majority of the board shall constitute a quorum for the transaction of business," four votes being a majority of the quorum, respondent was duly elected. (*People* v. *Harrington,* 63 Cal. 259; 1 Dillon on Municipal Corporations, 4th ed., secs. 277–79, 281; Horr and Bemis on Municipal Ordinances, 42; *Buell* v. *Buckingham,* 16 Iowa, 284; 85 Am. Dec. 516; *Sargent* v. *Webster,* 13 Met. 497; 46 Am. Dec. 743; *Rushville Gas Co.* v. *City of Rushville,* 121 Ind. 206; 16 Am. St. Rep. 388; *State* v. *Dillon,* 125 Ind. 65;

*Rex* v. *Monday,* 2 Cowp. 530, 538; 5 Dane's Abridgement, 150; *United States* v. *Ballin,* 144 U. S. 7; *State* v. *Deliesseline,* 1 McCord, 52; *Wells* v. *Rahway etc. Co.,* 19 N. J. Eq. 402; *Attorney General* v. *Shepard,* 62 N. H. 383, 384; 13 Am. St. Rep. 576.) The authority given the board by the city charter to "enact rules for the conduct of its own proceedings" does not authorize the board to enact a rule overthrowing the express provisions of the charter which has fixed a quorum, and provides that an act of the majority is an act of the board. (*Heiskell* v. *Mayor etc.,* 65 Md. 125; 57 Am. Rep. 308.)

BELCHER, C.—The charter of the city of San Jose provides that the board of education of the city shall consist of eight members, and that " a majority of the board shall constitute a quorum for the transaction of business, but any smaller number may adjourn from time to time. The board may enact rules for the conduct of its own proceedings," and it shall have power "to employ and dismiss" teachers, and to fix and order paid their salaries or compensation. (Stats. 1873, p. 395, secs. 3, 50, 52.)

Prior to January 5, 1893, a rule was adopted by the board, and was then in force, providing that "no measure, or proposition shall be valid unless passed by five votes, except motions to adjourn, to postpone, to reconsider, to commit, to lay on the table, to amend, or the previous question."

On January 5, 1893, there was a regular meeting of the board, but only seven of its members were present. There was then a vacancy in the corps of teachers of the city, and the members present regularly proceeded to ballot for the election of a teacher to fill the vacancy. Seven ballots were cast, and four of them were for the respondent, Alice B. Malloy. But, notwithstanding a majority of the members present, who constituted a quorum for the transaction of business, voted for respondent, the board then and there refused, and ever

since has refused, to declare her elected to fill the vacancy, or to permit her to engage in keeping the school. She possessed all the qualifications for the position of teacher required by law, or the rules and regulations of the board, and has at all times been ready, willing, and able to perform the duties of teacher. Before filing her complaint she duly demanded of the board that it do its duty in this behalf, and declare her duly elected to fill said vacancy, but it refused to do so.

On February 3, 1893, respondent commenced this proceeding, alleging the facts, and praying that a writ of mandate be issued commanding the said board and each, and every member thereof, to immediately meet as a board of education and declare her elected teacher, etc.

The answer denied that on the fifth day of January, 1893, or at any other time, the defendant board of education regularly, or at all, proceeded to, or did, elect respondent a teacher; denied that it is, or ever was, the duty of the board to declare her elected as a teacher in the said schools, and averred that the board never employed her as a teacher.

The court below found the facts to be substantially as above stated, and, as conclusions of law therefrom, "that plaintiff was duly and regularly elected teacher, . . . . and that it is the duty of said board to declare her so elected, and to cause the school superintendent of said schools of said city of San Jose to assign her to said position, and that she is entitled to a peremptory writ of mandate directed to the said board of education," etc.

Judgment was accordingly so entered, from which the defendant appeals.

On behalf of the respondent, it is contended that the authority given the board to enact rules for the conduct of its own proceedings did not authorize it to overthrow or change the rule, declared by the statute, that a majority of the board should constitute a quorum for the transaction of business; and this is undoubtedly

true. It may be assumed, therefore, that a majority of the members present, at the meeting referred to, had power to transact any business then legitimately before them and requiring action. It is further contended that as four of the seven ballots cast were in favor of respondent, she was duly elected to fill the position of teacher, and, having been so elected, the board had no right to refuse to declare the result, and hence she was entitled to the relief awarded her.

The board, as we have seen, was authorized to employ teachers, but in what way the employment might be effected was not prescribed. The question, then, is, did the board, by the ballots cast, employ the respondent as a teacher? If not, it is manifest that she cannot maintain this action.

Employment implies a contract on the part of the employer to hire, and on the part of the employee to perform services, and until such a contract is mutually entered into it can have no binding obligation upon either party. The words "to employ" teachers can mean nothing more, therefore, than that the board was clothed with power to contract with suitable persons to engage in the work of teaching in the public schools of the city for a fixed salary or compensation.

The record shows that immediately after the ballots relied upon as constituting employment were cast, and presumably before respondent could have had any knowledge of the matter, the board "then and there" refused to declare her elected. The ballots were only an expression of choice on the part of the members casting them, and had no greater force or effect than an oral vote would have had. At most they amounted only to an offer of employment, which respondent had a right to refuse, and the board had a right to revoke or cancel at any time before acceptance. But when the board refused then and there to declare respondent elected, it did in effect revoke and cancel the offer, and leave nothing thereafter for her to accept; and whether in doing so the board acted under the supposed require-

ment of its rule, or by-law, or independently of it, is quite immaterial.

We conclude that the court below erred in granting the writ of mandate, and advise that the judgment and order be reversed, and the cause remanded, with directions to dismiss the action.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause is remanded, with directions to the court below to dismiss the action.

DE HAVEN, J., McFARLAND, J., FITZGERALD, J.