[No. C068266. Third Dist. June 25, 2012.]

DAVID BOLIOU, Plaintiff and Respondent, v.
STOCKTON UNIFIED SCHOOL DISTRICT et al., Defendants and
Appellants.

COUNSEL

Kronick, Moskovitz, Tiedemann & Girard, Marie A. Nakamura, Kristianne T. Seargeant and Meredith Packer Garey for Defendants and Appellants.

Driscoll & Associates and Thomas J. Driscoll, Jr., for Plaintiff and Respondent.

Priscilla S. Winslow for California Teachers Association as Amicus Curiae on behalf of Plaintiff and Respondent.

OPINION

**ROBIE, J.**—Defendant Stockton Unified School District filed an accusation against tenured teacher plaintiff David Boliou (Boliou) specifying conduct it claimed merited Boliou's dismissal. Boliou denied the conduct and demanded a hearing, which the school district scheduled. After the school district and Boliou vigorously litigated the case for 18 months and the school district received some unfavorable rulings, the school district attempted to dismiss the charges before the hearing on the merits of the charges. At the hearing, the commission on professional competence (commission) granted the school district's motion to dismiss the charges over Boliou's objection that he wanted a *ruling* that he should not be dismissed from his employment. Such a ruling would have entitled him to reasonable attorney fees and costs. Boliou took two writ petitions to the trial court. The trial court issued a writ of administrative mandate to order the commission to modify its dismissal order to include a determination that Boliou should not be dismissed and issued a writ of administrative mandate to order the school district to pay Boliou's reasonable attorney fees and costs.

The issue we must resolve here is whether the trial court erred in issuing these writs. The answer is "no" based on the plain language of the relevant statutes. Specifically, if a teacher demands a hearing on disciplinary charges (Ed. Code,[1] § 44941) and the governing board of the school district (governing board) exercises its option to schedule a hearing instead of rescinding the charges (§ 44943), "the hearing shall be commenced" (§ 44944, subd. (a)). The hearing must be conducted by the commission (§ 44944, subd. (b)), and "the commission shall prepare a written decision containing . . . a disposition that shall be, solely, one of the following: [¶] (A) That the employee should be dismissed. [¶] (B) That the employee should be suspended for a specific period of time without pay. [¶] (C) That the

---

[1] All further section references are to the Education Code unless otherwise indicated.

employee should not be dismissed or suspended" (*id.*, subd. (c)(1)). "If the [commission] determines that the employee should not be dismissed or suspended, the governing board shall pay the expenses of the hearing . . . and reasonable attorney's fees incurred by the employee." (*Id.*, subd. (e)(2).)

Based on the statutory language quoted above, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Boliou began teaching mathematics at Franklin High School in the school district in 1990. In November 2008, one of his students alleged he had covered her mouth with duct tape as punishment for excessively talking in his classroom. In response to the allegation, the school district filed an accusation in February 2009 against Boliou recommending he be dismissed based on three charges: (1) immoral or unprofessional conduct; (2) evident unfitness for service; and (3) persistent violations of school laws and/or district rules and regulations. Boliou denied the charges and demanded a hearing before the commission. The school district requested the hearing be set. The Office of Administrative Hearings set a hearing to begin on January 19, 2010.

Discovery commenced with disputes over such issues as whether Boliou was entitled to the names of the students who claimed to have witnessed the duct tape incident and whether the school district's discovery requests were timely. There were also disputes that went up to the trial court regarding whether Boliou was compelled to answer certain deposition questions.

A prehearing conference and mandatory settlement conference in front of Administrative Law Judge (ALJ) Dian Vorters was held in December 2009. Among other things, ALJ Vorters denied Boliou's motion to dismiss the unprofessional conduct charge and the persistent violations charge.

The hearing before the commission was convened on January 21, 2010. Outside the presence of the other two commission members, the ALJ who was presiding over the hearing, Marilyn Woollard, considered Boliou's in limine evidentiary motions, which included a motion to exclude evidence or testimony regarding a 1998 notice of unprofessional conduct and a motion to reconsider ALJ Vorters's decision denying dismissal of the unprofessional conduct charge. ALJ Woollard took the matter under submission and continued the hearing. Two days later, ALJ Woollard issued an order dismissing the unprofessional conduct charge because the school district failed to provide Boliou sufficient advance notice of the charge. The school district's motion to reconsider Woollard's order was denied and so was its writ petition to the trial court requesting that ALJ Woollard be ordered to reinstate the unprofessional conduct charge.

The school district served Boliou on July 7, 2010, with an amended notice of hearing stating the hearing before the commission would commence July 19, 2010. However, the governing board voted to rescind the remaining charges against Boliou on July 13, 2010. The governing board then sent a letter to ALJ Woollard asking that the case be removed from calendar and the case not proceed to hearing. Boliou objected because he wanted a decision from the commission stating, "he shall not be dismissed." ALJ Woollard construed the governing board's letter as a motion to dismiss the case and set a hearing "to address the [school district's] motion to dismiss in light of the [governing board's] action rescinding the charges against [Boliou]."

At the hearing on July 19, 2010, two of the three commission members appeared in person (including ALJ Woollard) and one appeared telephonically. Boliou argued the governing board had the opportunity to rescind its action when Boliou asked for a hearing but the board chose not to, and instead "chose to schedule . . . administrative litigation between the parties all the way through . . . an interim action before a Superior Court judge to try to get Judge Woollard's prior order overturned, which was rejected by the Superior Court." Boliou asked for a ruling on the merits, noting that "basically what you have is on the date scheduled for hearing, [the school district] is standing up and resting" "[a]nd in light of that, Mr. Boliou doesn't need to present anything because [the school district] didn't make out a prima facie case against him." The school district argued the commission could not make any findings of fact because there had been no facts presented and asked for a dismissal of the action.

After taking the matter under submission, on July 26, 2010, the commission issued a dismissal order granting the school district's motion to dismiss the remaining charges against Boliou but with prejudice. The commission explained the dismissal was with prejudice because the school district had "ample opportunity to assess and weigh the viability of these charges," having been on notice to proceed with these (remaining) charges since January 2010 but waited to rescind the charges until July 2010—two business days before the start of the hearing. However, the commission specified its dismissal order did not constitute a decision because it was not authorized to issue a decision where the governing board had rescinded the charges and requested dismissal "prior to the commencement of trial." For this reason, Boliou was not entitled to attorney fees attendant to such a decision.

Boliou sought reasonable attorney fees and costs from the school district by filing a claim under the Government Claims Act. The school district rejected his claim. Boliou then filed a petition for writ of administrative mandate and writ of mandate in the trial court. He sought a writ of administrative mandate to compel the commission to vacate its dismissal

order "to the extent of its determination that the dismissal with prejudice was not a decision on the merits in [his] favor entitling [him] to an award of reasonable attorneys fees and costs." He sought a writ of mandate to compel the school district to pay his reasonable attorney fees and costs.

The trial court issued the writs. The court reasoned that because the hearing in front of the commission had been convened, the governing board could not unilaterally extinguish the administrative proceeding by rescinding the charges, and the commission should have entered a decision on the merits that the governing board failed to meet its evidentiary burden such that Boliou should not be dismissed. The court issued a peremptory writ of administrative mandate to direct the commission to modify the dismissal order to state the commission's dismissal with prejudice constituted the commission's determination Boliou should not be dismissed and that he was entitled to reasonable attorney fees and costs. The court issued a peremptory writ of mandate to direct the school district to pay Boliou's attorney fees of $114,465, costs of $9,976.41, and the "costs of this proceeding pursuant to post judgment proceedings."

The school district timely appealed from the resulting judgment.

## DISCUSSION

We begin our discussion by framing the appellate issue. As the school district sees it, the issue is whether the trial court improperly awarded Boliou attorney fees and costs because the commission never determined Boliou should not be dismissed and never held an evidentiary hearing on the merits, both of which are necessary for an award of reasonable attorney fees and costs under section 44944, subdivision (e). The school district's framing of the issue misses the mark.

What the school district fails to appreciate is this is an appeal from a judgment following the trial court's granting of mandamus relief. The pertinent issue we must decide therefore is whether the trial court erred in granting that relief. (See, e.g., *Malloy v. Board of Education* (1894) 102 Cal. 642, 647 [36 P. 948].) The resolution of that issue depends on the answers to two questions. One, did the trial court err in ordering the commission to modify the dismissal order to state the commission's dismissal with prejudice constituted the commission's determination Boliou should not be dismissed? And two, did the court err in ordering the school district to pay Boliou's reasonable attorney fees and costs? Both of these questions require statutory interpretation, which we perform de novo. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54]; *Radian Guaranty, Inc. v. Garamendi* (2005) 127 Cal.App.4th

1280, 1288 [26 Cal.Rptr.3d 464].) The answer to the second question necessarily depends on the answer to the first, so we begin there.

As we have noted, the trial court ordered the commission to modify the dismissal order to state the commission's dismissal with prejudice constituted the commission's determination Boliou should not be dismissed. The trial court so ordered because, in the court's view, the commission "did not proceed in the manner required by law . . . such as to constitute a prejudicial abuse of discretion." In essence, then, the trial court was of the view the commission was required to decide whether Boliou should be dismissed, and here there was only one conclusion—he should not be. As we explain, the trial court was correct based on the plain reading of the statutes governing the procedures the commission must follow when an employee requests a hearing and the governing board requests it be set.

We begin by explaining the procedures a school district must follow if its wants to dismiss a permanent employee. The school district must have at least one statutorily enumerated cause for dismissal of the employee. (§§ 44932, subd. (a), 44933.) It must then file charges against the employee in a charging document called an "accusation" and notify the employee in writing of its intent to dismiss or suspend the employee. (§§ 44934, 44941; *Wilmot v. Commission on Professional Competence* (1998) 64 Cal.App.4th 1130, 1141 [75 Cal.Rptr.2d 656].) The employee has 30 days after service of the notice to demand a hearing. (§ 44941.) If the employee does not demand a hearing within 30 days of being served with the notice, the school district may dismiss or suspend the employee. (§ 44937.) If the employee demands a hearing, "the governing board shall have the option either (a) to rescind its action, or (b) schedule a hearing on the matter." (§ 44943.) "[I]f a hearing is requested by the employee, the hearing shall be commenced within 60 days from the date of the employee's demand for a hearing." (§ 44944, subd. (a)(1).) The hearing must be conducted by the commission—a three-member administrative tribunal consisting of one credentialed teacher chosen by the school district, a second credentialed teacher chosen by the teacher facing dismissal or suspension, and an administrative law judge of the Office of Administrative Hearings who is both the chairperson and a voting member of the commission. (§ 44944, subd. (b)(1).) Any witness testimony at the hearing must be upon oath or affirmation. (§ 44944, subd. (a)(5).) "The decision of the [commission] shall be made by a majority vote, and the commission shall prepare a written decision containing findings of fact, determinations of issues, and a disposition that shall be, solely, one of the following: [¶] (A) That the employee should be dismissed. [¶] (B) That the employee should be suspended for a specific period of time without pay. [¶] (C) That the employee should not be dismissed or suspended." (§ 44944, subd. (c)(1).) "If the [commission] determines that the employee should not

be dismissed or suspended, the governing board shall pay the expenses of the hearing . . . and reasonable attorney's fees incurred by the employee." (§ 44944, subd. (e)(2).)

With this statutory framework in mind, we explain what happened here, and why the trial court was correct in ordering the commission to modify its dismissal order. As required by statute, Boliou, as the employee, made the initial decision to demand a hearing when he had been notified of the charges against him and the school district's intent to dismiss him. (§ 44941.) When he demanded the hearing, the governing board exercised its option to schedule a hearing on the matter instead of rescinding the charges. (§ 44943.) Once Boliou demanded a hearing and the governing board opted to schedule the hearing, the comprehensive statutory scheme provided no mechanism by which the board could unilaterally prevent that hearing from going forward by thereafter rescinding the charges against Boliou. The trial court was therefore correct that the governing board "could not unilaterally extinguish the administrative proceedings by rescission of the charges" when it belatedly tried to do so. And the commission was therefore wrong that it was not authorized to issue a decision because the governing board had rescinded the charges and requested dismissal "prior to the commencement of trial."

██ It follows then, the commission had to hold a hearing and act on the charges the school district had filed against Boliou. The question becomes what was required at that hearing. The governing statute explains what kind of testimony and evidence can be heard and taken at the hearing. (§ 44944, subd. (a)(5).) For example, witnesses must testify under oath or affirmation and testimony and evidence must relate to matters that occurred within four years of the date of the filing of the notice to suspend or terminate. (*Ibid.*) However, there is nothing in the statutory scheme that requires an evidentiary hearing *on the merits* of the charges in the accusation. The most that can be said is the hearing had to be an "adjudicative proceeding." (Gov. Code, § 11410.50; see Ed. Code, § 44944, subd. (a)(1) [the "hearing shall be initiated, conducted, and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code"]; Gov. Code, § 11501, subd. (c) [applying ch. 4.5 (commencing with Gov. Code, § 11400) to adjudicative proceedings conducted under ch. 5].) An " '[a]djudicative proceeding' means an evidentiary hearing for determination of facts pursuant to which an agency formulates and issues a decision." (Gov. Code, § 11405.20.) Here, the factual determination the commission made was simply that the governing board had decided not to proceed with the charges against Boliou, as reflected in the commission's dismissal order.[2]

---

[2] The school district points to nothing in these Government Code sections that requires a hearing *on the merits* of the charges in the accusation in a case where the governing board (as here) decides not to proceed with the charges against the employee.

■ That there is no requirement for an evidentiary hearing *on the merits* of the charges in the accusation makes sense because cases arise (such as the one here) where taking evidence relating to the charges would be immaterial because the school district does not want or is unable to proceed on the charges.[3] Regardless of whether the hearing proceeds with or without taking evidence on the merits of the charges, the statutory scheme makes clear what the commission is required to do. "[T]he commission shall prepare a written decision containing findings of fact, determinations of issues, and a disposition that shall be, solely, one of the following: [¶] (A) That the employee should be dismissed. [¶] (B) That the employee should be suspended for a specific period of time without pay. [¶] (C) That the employee should not be dismissed or suspended." (§ 44944, subd. (c)(1).)

Here, the facts, issues, and disposition were clear. The facts were the governing board had sought dismissal of the charges. The issue was whether Boliou should be dismissed. And the disposition was Boliou should not be dismissed, given that the governing board had sought to dismiss the charges.

Even though these components of the decision were clear and the statutory scheme required the commission to issue a decision, the commission's dismissal order incorrectly stated that "issuance of a decision [wa]s not

---

The school district does point to section 44944 and claims it is ambiguous as to whether there has to be an evidentiary hearing on the merits of the charges in the accusation. It then claims because of this ambiguity, we must look to the legislative history of the code section and consider the policy implications of the trial court's order. The school district claims the ambiguity arises from the use of the word "decision," as in the decision the commission must prepare (that requires findings of fact, determinations of issues, and a disposition) (§ 44944, subd. (c)(1)), and the word "determines," as in the commission's "determin[ation]" that the employee should or should not be dismissed or suspended that triggers the attorney fee provision (§ 44944, subd. (e)(1) & (2)). The school district claims there is an ambiguity as to whether the determination and the decision are the same thing.

We find no ambiguity here. The "determin[ation]" of whether the employee should be dismissed or suspended, which controls the right to attorney fees and costs, is the same as the "decision" by the commission that contains the disposition as to whether the employee should be dismissed or suspended. This is apparent from the context in which these terms are used, which identifies the same three options for the disposition in the "decision" or the "determin[ation]"—namely dismissal, suspension, or neither. (§ 44944, subds. (c)(1)(A)–(C) & (e)(1) & (2).)

In any event, what is important for our purposes is that nothing in the governing statutory scheme requires that a hearing *on the merits* of the charges must occur before the commission issues its decision/determination.

[3] This case is an example of a school district deciding not to proceed with the remaining charges. An example of a school district not being able to proceed with the charges could arise when, for example, the school district based its case against the employee on evidence that is older than four years. (See § 44944, subd. (a)(5) ["no decision relating to the dismissal or suspension of any employee shall be made based on charges or evidence of any nature relating to matters occurring more than four years prior to the filing of the notice"].)

appropriate" because the "governing board [had] rescind[ed] its charges and request[ed] dismissal of the cause against [Boliou] . . . ." In light of the fact the governing board sought dismissal of the charges against Boliou, the commission erred in refusing to issue a decision setting forth a determination in Boliou's favor. The trial court was therefore correct to order the commission to modify the dismissal order to state the order consisted of a determination Boliou should not be dismissed.

Based on the trial court's appropriate directive to the commission, the trial court was also correct to order the school district to pay Boliou's reasonable attorney fees and costs. Once the commission was required to modify the order to state Boliou should not be dismissed, then there was a "determin[ation]" by the commission that "the employee should not be dismissed or suspended" such that the governing board was required to pay Boliou's reasonable attorney fees and costs. (§ 44944, subd. (e)(2).)

## DISPOSITION

The judgment is affirmed. Boliou is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

Blease, Acting P. J., and Hoch, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 12, 2012, S204494.